AMERICAN TOURS, INC. v. LIBERTY MUTUAL INSURANCE COMPANY, A CORPORATION, AND EMPIRE INSURANCE COMPANY, A CORPORATION

No. 373PA84

(Filed 7 January 1986)

1. **Insurance § 87— rental car—underaged daughter of lessee driving—violation of rental agreement—coverage required by statute**

   An automobile liability insurance policy issued to a rental car company covered the nineteen-year-old daughter of a lessee despite a provision in the rental agreement which prohibited use of the vehicles by drivers under twenty-one without the lessor's approval because a liability policy issued to an automobile owner in the business of renting cars must comply with the requirements of both N.C.G.S. 20-281 and N.C.G.S. 20-279.21 and provide all the coverages required by those sections. The provision of N.C.G.S. 20-281 requiring an automobile lessor's insurance to cover lessees and their agents is incorporated into defendant's policy to the same extent as if it were written there.

2. **Principal and Agent § 1— underage driver of leased car—violation of rental agreement—driver as agent of lessee**

   The nineteen-year-old daughter of an automobile lessee was the agent of the father under the provisions of N.C.G.S. 20-281, even though the father knowingly violated the rental agreement when he allowed her to operate the rented car, where he asked her to follow him to work so he would have a way home after he returned his employer's truck.

3. **Insurance § 110— rented car—underaged driver—liability of insurance company—statutory minimum**

   Defendant was liable for only $5,000 of property damage under an automobile insurance policy where it had provided coverage to a car rental company, a lessee asked his nineteen-year-old daugher to drive the car in violation of the rental agreement, the daughter was involved in an accident in which the plaintiff's bus was damaged, the policy provided $25,000 in property damage coverage, and N.C.G.S. 20-281 required a minimum coverage of $5,000. When an automobile insurance policy providing coverage in amounts in excess of that statutorily required contains some substantive coverages less than those statutorily required, the insurer's liability for an accident for which the statute requires coverage not provided by the policy is limited to the minimum amount required by the statute.

   Justice BILLINGS took no part in the consideration or decision of this case.

ON discretionary review of the decision of the Court of Appeals, 68 N.C. App. 668, 316 S.E. 2d 105 (1984), affirming a declaratory judgment for plaintiff entered by *Gaines, J.*, at the 23 August 1982 Session of Superior Court in MECKLENBURG County.

*Myers, Ray, Myers, Hulse & Brown by R. Lee Myers for plaintiff appellee.*

*Golding, Crews, Meekins, Gordon & Gray by John G. Golding, David N. Allen and Harvey L. Cosper, Jr., for Liberty Mutual Insurance Company, defendant appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready by James H. Kelly, Jr. for Nationwide Mutual Insurance Company, amicus curiae.*

EXUM, Justice.

Plaintiff seeks a declaratory judgment that defendant Liberty Mutual Insurance Company[1] (hereinafter Liberty) is obligated to pay a judgment plaintiff obtained in another action against Beverly Ann Mobley for damages to plaintiff's bus arising out of an automobile accident on 11 August 1977. Plaintiff alleges that Mobley was insured under a policy written by defendant and issued to the lessor of the rental car she was driving. Defendant claims Mobley, who was nineteen at the time of the accident, was not insured because her father, the lessee, permitted her to drive in violation of his rental agreement in which he agreed not to permit drivers under age twenty-one to use the car.

The trial court awarded judgment for plaintiff. It ruled that N.C.G.S. § 20-281 (1975) (amended 1979)[2] requires insurance policies insuring automobile lessors to provide coverage for agents of lessees and that Mobley was such an agent. It further ruled that Mobley was covered to the full extent of the $25,000 coverage for property damage provided in the policy and not just the $5,000 minimum coverage required by § 281. The Court of Appeals affirmed the judgment of the trial court in its entirety.

On discretionary review in this Court, defendant raises three issues: (1) Does § 281 require policies insuring automobile lessors to cover agents of lessees? (2) Was Mobley an agent of her father,

---

1. The only defendant which remains a party to this appeal is Liberty Mutual Insurance Company. Plaintiff dismissed with prejudice its action against Empire Insurance Company on 26 August 1982.

2. All statutes referred to in this opinion are in Chapter 20 of the General Statutes of North Carolina. Hence further statutory references will be only to section numbers within Chapter 20.

the lessee? (3) Was Mobley covered for property damage in excess of the $5,000 coverage statutorily required? Although we answer the first two questions in the affirmative, as to the third issue we conclude that Mobley was covered for only the $5,000 minimum coverage for property damage required by § 281. Adding this modification, we affirm the judgment of the Court of Appeals.

I.

The facts are not disputed. Liberty issued a policy of liability insurance to Borough Leasing, Inc. (hereinafter Borough), a corporation engaged in the rental car business. In addition to the coverage it provided for Borough, the policy also provided coverage for certain of Borough's potential lessees including:

> [A]ny other person using an owned automobile or a temporary substitute automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission . . . .

Robert Mobley was not a named insured.

On 24 March 1974 Robert Mobley leased one of Borough's rental cars. He signed a rental agreement which provided, "In no event shall the Vehicle be used, operated, or driven by any person other than . . . qualified licensed drivers over twenty-one years of age who have Customer's advance permission to use the vehicle . . . ." The parties stipulated that Robert Mobley was aware his lease did not permit persons under twenty-one years old to use the vehicle. Despite this knowledge, Mobley requested his 19-year-old daughter, Beverly, to follow him in the rental car to the place where he worked while he drove his employer's truck there. Mobley needed his daughter to follow him to work so he would have a way home after he returned his employer's truck. While Beverly was driving her father's rental car, she was involved in a collision with a bus owned by plaintiff, American Tours, Inc.

Beverly Mobley filed suit against American Tours, and American Tours counterclaimed for damages to its bus. Although American Tours obtained a judgment against Mobley, Liberty declined to pay it. Liberty claimed the damages of American Tours was outside the scope of its coverage because Mobley's

rental agreement with Borough did not permit his 19-year-old daughter to use the rental car.

## II.

[1]    When a statute is applicable to the terms of a policy of insurance, the provisions of that statute become part of the terms of the policy to the same extent as if they were written in it. *Insurance Co. v. Casualty Co.*, 283 N.C. 87, 194 S.E. 2d 834 (1973); *Howell v. Indemnity Co.*, 237 N.C. 227, 74 S.E. 2d 610 (1953). Section 281 provides:

> From and after July 1, 1953, it shall be unlawful for any person, firm or corporation to engage in the business of renting or leasing motor vehicles to the public for operation by the rentee or lessee unless such person, firm or corporation has secured insurance for his own liability and that of his rentee or lessee, in such an amount as is hereinafter provided, from an insurance company duly licensed to sell motor vehicle liability insurance in this State. *Each such motor vehicle leased or rented must be covered by a policy of liability insurance insuring the owner and rentee or lessee and their agents and employees* while in the performance of their duties against loss from any liability imposed by law for damages including damages for care and loss of services because of bodily injury to or death of any person and injury to or destruction of property caused by accident arising out of the operation of such motor vehicle, *subject to the following minimum limits*: twenty-five thousand dollars ($25,000) because of bodily injury to or death of one person in any one accident, and fifty thousand dollars ($50,000) because of bodily injury to or death of two or more persons in any one accident, and *ten thousand dollars ($10,000) because of injury to or destruction of property of others* in any one accident.[3] [Emphases supplied.]

Plaintiff contends this statute is applicable to terms of policies insuring automobile leasing agencies and requires all such policies to include a term insuring lessees' agents while in the performance of their duties. Liberty and amicus curiae Nationwide Mu-

---

3. At the time of the accident the minimum amount of coverage for property damage required by § 281 was $5,000. N.C.G.S. § 20-281 (1975) (amended 1979).

tual Insurance Company argue § 281 merely requires lessors of automobiles to purchase liability insurance but does not specify terms which must be contained in the insuring agreements. The mandatory terms for policies insuring automobile lessors are found, they say, in § 279.21(2), which provides:

> A 'motor vehicle liability policy' as said term is used in this Article shall mean an owner's or an operator's policy of liability insurance . . . .

> (b) Such owner's policy of liability insurance:

> . . . .

>> (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, *or any other persons in lawful possession*, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles . . . . [Emphasis supplied.]

Defendants rely on this Court's interpretation of § 279.21 in *Insurance Co. v. Broughton*, 283 N.C. 309, 196 S.E. 2d 243 (1973).

*Broughton* involved facts similar to those before us. In *Broughton*, a lessee, Carraway, deliberately transferred possession of his rental car to a driver under age twenty-one in violation of his rental agreement. After Carraway rented the car he drove it to a service station a few miles away from the rental agency and by prior arrangement turned the car over to Elijah Z. Massey who was nineteen years old. Massey collided with another vehicle and the lessor's insurance company denied coverage for the collision. This Court held "neither the . . . insurance policy nor the requirements of State law provided coverage." *Id.* at 315, 196 S.E. 2d at 247. The Court stated that while § 279.21 requires liability insurance policies to extend coverage to the named insured and any other person in lawful possession of the vehicle, Massey was not in lawful possession within the meaning of that section. The lessee "could not, in violation of his own agreement," reasoned the Court, "make the owner responsible for Massey's negligence." *Id.* at 314, 196 S.E. 2d at 247.

The avowed purpose of the Financial Responsibility Act, of which § 279.21 is a part, is to compensate the innocent victims of financially irresponsible motorists. *Insurance Co. v. Casualty Co.,* 283 N.C. 87, 194 S.E. 2d 834 (1973). The restrictive meaning we ascribed in *Broughton* to "lawful possession," as that term is used in § 279.21, arguably runs counter to the Act's purpose. Even if we would give the same restrictive interpretation to "lawful possession" if we decided *Broughton* today, Liberty overlooks this Court's reliance in *Broughton* upon not only § 279.21 but also § 281 in concluding that "the requirements of State law provided no coverage . . . ." *Broughton*, 283 N.C. at 315, 196 S.E. 2d at 247. After determining that § 279.21 required no coverage, the Court held:

> Likewise, Massey was not within *the coverage required by G.S. 20-281.* G.S. 20-281 required coverage for the owner, rentee, lessee and their agents and employees while in the performance of their duties. There is neither evidence nor finding that Massey at any time was a rentee or lessee or an agent or employee and hence was not performing duties as such. The coverage required by this section extended coverage to Carraway, but not to Massey. [Emphasis supplied.]

*Id.* In stating that § 281 "required coverage for the owner, rentee, lessee and their agents" and that "the coverage required by this section extended coverage to the lessee but not to Massey," the Court recognized that § 281 is a source of mandatory terms for automobile liability insurance policies in addition to and independent of § 279.21. The Court held that § 281 provided no coverage to Massey because Massey was not an agent of the lessee, Carraway.

We continue to follow *Broughton* insofar as it recognized that both § 281 and § 279.21 prescribe mandatory terms which become part of every liability policy insuring automobile lessors. Section 281, which applies specifically to automobile owners who lease their cars for profit, is a companion section to and supplements § 279.21, which applies to automobile owners generally. Section 281 was enacted six days before § 279.21. *See* 1953 N.C. Sess. Laws ch. 1017, § 6; 1953 N.C. Sess. Laws ch. 1300, § 43. Subsequent amendments have on three occasions been made to both

statutes simultaneously in one bill. *See* 1967 N.C. Sess. Laws ch. 277; 1973 N.C. Sess. Laws ch. 745; 1979 N.C. Sess. Laws ch. 832. Both statutes are part of one legislative package dedicated to protecting innocent motorists from financially irresponsible motorists. One of the ways § 281 attempts to do this is by requiring policies which insure automobile lessors to provide coverage for lessees *and* their agents. This requirement is reasonable in light of the statute's purpose. A lessor's insurance should cover lessees because lessees are unlikely to purchase insurance on account of what may be the temporary nature of a rental arrangement. A lessor's insurance also should cover lessees' agents because, being mere agents, they are also unlikely to obtain their own insurance.

Liberty argues that the legislature never intended for § 281 to become part of the terms of policies insuring automobile leasing agencies because that section is much less detailed than § 279.21. It warns that § 281 will permit insurance companies to exclude liability under circumstances in which § 279.21 would not permit them to do so. While § 281 requires coverage for "agents," it contains no comparable language to that contained in § 279.21 requiring coverage of the owner's permittees. Liberty suggests that an insurance company could exclude coverage for damage caused by persons who are neither agents of the lessor or lessee but who, nevertheless, use a rented vehicle with the lessor's permission.

The answer to this argument is, as we have already noted, that the two sections are not mutually exclusive. Section 281 does not stand alone in prescribing required terms for automobile liability policies insuring leased vehicles. Rather, § 281 supplements § 279.21, which applies more generally to every policy insuring any automobile owner whether or not that owner leases vehicles. A liability policy issued to an automobile owner in the business of renting cars must comply with the requirements of both § 281 and § 279.21 and provide all coverages required by both sections.

Liberty contends, finally and somewhat obscurely, that if the lessee's agent is afforded coverage, the lessee "is allowed to appoint an agent for an unlawful act and he is able to better himself by breaking his contract." Liberty says public policy should not condone such a result.

American Tours, Inc. v. Liberty Mutual Ins. Co.

We find Liberty's argument unpersuasive. We fail to see how lessees "better themselves" by selecting agents in violation of the rental agreement. If a lessee selects an agent in compliance with the rental agreement, the policy would provide coverage for both the lessee and the agent. The lessee and the agent are in no better position because the statute requires coverage even if the lessee selects his agent contrary to the terms of the rental agreement. The question is are the lessee and his agent then deprived of coverage. Under § 281 the answer is no because the statute does not except from coverage agents whom the lessor selects to drive in violation of the rental agreement. The public policy expressed in § 281 is that even where automobile rental agreements are violated it is preferable to provide coverage for innocent motorists rather than to deny such coverage because of the violation.

We hold, therefore, that in every automobile liability policy insuring automobile lessors, § 281 provides coverage to lessees and lessees' agents.

Liberty's coverage was not as comprehensive as that required by § 281. Liberty's policy provided coverage for Borough and any other person using one of its autos with its permission. Liberty's policy provided no coverage for rental cars used under authority granted by the lessee but without the lessor's permission. Section 281 requires coverage of automobiles used by a lessee's agents whether or not that agent has the lessor's permission to use the automobile. The rule governing conflicts between terms of insurance policies required by law and the actual terms of policies is stated in *Insurance Co. v. Casualty Co.*, 283 N.C. 87, 194 S.E. 2d 834 (citations omitted) (1973):

It is well recognized in North Carolina that the provisions of a statute applicable to insurance policies are a part of the policy to the same extent as if therein written, and when the terms of the policy conflict with statutory provisions favorable to the insured, the provisions of the statute will prevail.

283 N.C. at 91, 194 S.E. 2d at 837.

The provision in § 281 requiring an automobile lessor's insurance to cover lessees and their agents is incorporated into Liberty's policy to the same extent as if it were written there. If Beverly Mobley was an agent of her father, the lessee, this provi-

sion requires that she be covered even though she did not have Borough's permission to use the car.

### III.

**[2]**  Thus Liberty contends that even if § 281 extends coverage to agents of a lessee, Beverly Mobley was not under the circumstances of this case an agent of her father. When Mr. Mobley allowed his daughter to operate the rented car knowing full well he was violating his rental agreement, Liberty contends he did not create an agency relationship.

We have said an agent is one who acts for or in the place of another by authority from the other. *Trust Co. v. Creasy*, 301 N.C. 44, 269 S.E. 2d 117 (1980). The uncontroverted facts of this case are that Robert Mobley asked his daughter, Beverly, to follow him to work so he would have a way home after he returned his employer's truck. It cannot be disputed that he conferred authority on her to drive the car for his benefit.

### IV.

**[3]**  Defendant and *amicus* argue that even if § 281 extends coverage to agents of lessees, and Beverly Mobley was such an agent, Liberty's liability is limited to the amount of coverage for property damage required by that statute. Section 281 required at the time of the accident $5,000 coverage for property damage. *See* N.C.G.S. § 20-281 (1975) (amended 1979). The Court of Appeals disagreed with this argument and held that Liberty is liable to the full extent of its $25,000 coverage for property damage in its policy. It observed that while § 279.21(g) specifically excepts coverage "in excess of or in addition to" the minimum coverages required by § 279.21 from the "provisions of this Article,"[4] no comparable provision appears in § 281. Because § 281 is codified in Article 11 of the General Statutes and § 279.21(g) is codified in a separate article, 9A, the Court of Appeals held § 279.21(g) does not except coverage amounts in excess of the minimum amounts required by § 281 from the mandatory coverage provisions of this section.

---

4. Section 279.21(g) provides: "Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this Article."

Plaintiff argues the Court of Appeals correctly decided that Liberty is liable for the full amount of its coverage for property damage. It contends that by omitting a provision comparable to § 279.21(g) in § 281, the legislature intended for insurance companies to be liable under § 281 for whatever amounts of coverage they voluntarily provided. Both statutes were passed in the same legislative session. Had the legislature seen fit to allow insurance companies to limit their liability for coverages required by § 281 to the minimum amounts also required in § 281, plaintiff contends it certainly could and would have done so expressly.

Although the limiting provision of Article 9 is not expressly applicable to Article 11, the principle embodied in the former article must as a matter of contract law be applicable to the latter. An insurance company cannot be liable for any greater amount of coverage than that provided by operation of law or voluntarily in its policy. Furthermore, an insurance company has the right to enter into whatever insuring agreements it wishes to limit its voluntary coverages as opposed to those statutorily required.

> "Freedom of contract, unless contrary to public policy or prohibited by statute, is a fundamental right included in our constitutional guarantees. Const., Art. I, sec. 17; *Alford v. Insurance Co.*, 248 N.C. 224, 103 S.E. 2d 8." *Muncie v. Insurance Co.*, 253 N.C. 74, 116 S.E. 2d 474.

*Insurance Co. v. Casualty Co.*, 283 N.C. at 93, 194 S.E. 2d at 838.

Applying these principles, we hold that when an automobile insurance policy providing coverage in amounts in excess of that statutorily required contains substantive coverages less than those statutorily required, the insurer's liability for an accident for which the statute requires but the policy does not provide coverage is limited to the minimum amount of coverage required by statute. The statute determines not only the fact but also the extent of the insurer's liability. Although the appellate courts of this state have never been presented with this precise question, other jurisdictions which have addressed it have recognized the foregoing rule. *See Virginia Surety Co. v. Wright*, 114 F. Supp. 124 (W.D.N.C.) (applying North Carolina law); *DeWitt v. Young*, 229 Kan. 474, 625 P. 2d 478 (1981); *Estate of Neal v. Farmer's Ins. Exch.*, 93 Nev. 348, 566 P. 2d 81 (1977). *See also*, Annot. "Liability

of insurer, under compulsory statutory vehicle liability policy, to injured third persons, notwithstanding insured's failure to comply with policy conditions, as measured by policy limits or by limits of financial responsibility act," 29 A.L.R. 2d 817 (1953).

In this case the amount of coverage for property damage required by § 281 at the time of plaintiff's accident was $5,000. Liberty provided the remaining $20,000 property damage coverage voluntarily. The required amount of coverage could not because of § 281 be limited to situations where the automobile was used with the named insured's permission. Coverage, however, in excess of the required $5,000 minimum could be. Here, all amounts of coverage in excess of the $5,000 minimum statutorily required were limited to persons "using an owned vehicle . . . with the permission of the named insured . . . ." Borough, the named insured, did not give Beverly Mobley permission to use its car. The $20,000 of coverage Liberty voluntarily provided, therefore, did not cover Beverly Mobley. She as an agent of Borough's lessee but operating the car without Borough's permission was covered only to the extent of the $5,000 minimum amount required by § 281.

Plaintiff, however, argues the 21-year-old age limitation in Liberty's policy is invalid as against public policy. Plaintiff concedes this Court found "a sound legal reason" for such a limitation in *Insurance Co. v. Broughton*, 283 N.C. 309, 313, 196 S.E. 2d 243, 246 (1973). Twenty-one was the age at which one became legally responsible for his contractual obligations at the time of the accident in *Broughton*. Presently the age of majority is eighteen. Plaintiff argues twenty-one is an arbitrary and capricious age limitation and warns that rental agencies could insert any age restriction in its rental agreements and reduce to nothing insurance companies' liability.

If a rental agreement contained such a high age restriction that almost no one other than the lessee would be permitted to drive, we might wonder why the agreement did not simply deny permission to drive to all except the lessee. The restriction against use by drivers less than twenty-one is not, however, such a restriction. The lessor reasonably may have included this provision because it believed more accidents are caused by younger drivers who are more inexperienced than by older ones. Liberty's

exclusion of coverage for vehicles used without the insured lessor's permission under circumstances where the lessor regularly withheld permission to use its vehicles to anyone less than twenty-one is not invalid as against public policy.

For the reasons given, then, Liberty is liable under § 281 to plaintiff for up to $5,000 of plaintiff's property damage and no more.

The decision of the Court of Appeals is affirmed as modified.

Modified and affirmed.

Justice BILLINGS took no part in the consideration or decision of this case.