362 S.E.2d 836 (1987)
INSURANCE COMPANY OF NORTH AMERICA,
v.
AETNA LIFE AND CASUALTY COMPANY, Bobby D. Brown, DDM, Inc., d/b/a Dollar Rent-A-Car, Kenneth Lane Garganus, Janice Tripp Garganus, Nationwide Mutual Insurance Company, Herbert D. Sluder, Administrator of the Estate of Michelle Lynne Sluder, Ulysee Ware, Norman T. Williams, and David Yates.
No. 8721SC468.
Court of Appeals of North Carolina.
December 22, 1987.
*838 Petree Stockton & Robinson by W. Thompson Comerford, Jr., and Jane C. Jackson, Winston-Salem, for plaintiff-appellant.
Price and Smith by Wm. Benjamin Smith, Charlotte, for defendant-appellee Bobby D. Brown.
Henson Henson Bayliss & Coates by Paul D. Coates and Perry C. Henson, Greensboro, for defendant-appellee Nationwide.
Hutchins, Tyndall, Doughton & Moore by Richard Tyndall and Kent L. Hamrick, Winston-Salem, for defendant-appellee David Yates.
Holmes & McLaurin by R. Edward McLaurin, Jr., Pittsboro, for defendant-appellee Herbert D. Sluder, Adm'r of the Estate of Michelle Lynne Sluder.
Womble Carlyle Sandridge & Rice by Reid C. Adams, Jr., Winston-Salem, for defendant-appellee Aetna Life and Cas. Co.
MARTIN, Judge.
This appeal confronts us with two issues: (1) was Ware driving the rental automobile with either the express or implied permission of the named insured, Dollar, so as to be an "insured" under the terms of INA's policy; and, (2) if not, was Ware in "lawful possession" of the rental automobile so as to be within the coverage required by G.S. 20-281 and G.S. 20-279.21. We conclude that Ware had neither Dollar's express permission to operate the car nor its implied permission to do so and, therefore, was not an "insured" under the terms of the policy issued by INA to Dollar. Accordingly, we must reverse the trial court's holding that INA provides coverage up to the limits of its policy. However, we conclude that Ware was in "lawful possession" of Dollar's automobile within the meaning of G.S. 20-279.21 so as to bring his operation of the automobile within the mandatory liability insurance coverage required for automobile lessors by G.S. 20-281.

I.

A.
Even though there was no evidence that Ware had ever dealt with Dollar, the trial *839 court concluded that he was a "customer" under the terms of Dollar's rental contract with Williams, which defined "customer," inter alia, as "any driver of the rental vehicle." Therefore, the court concluded Ware was driving with Dollar's express permission and was an insured under the terms of INA's policy. INA excepts and assigns error, contending that Ware's operation of the vehicle was expressly prohibited, rather than expressly permitted, by the rental contract. We agree.
When the language of a contract is plain and unambiguous, the construction thereof is a matter of law, Kent Corporation v. Winston-Salem, 272 N.C. 395, 158 S.E.2d 563 (1968), and it is the duty of the court to construe the contract as written. Parks v. Venters Oil Co., Inc., 255 N.C. 498, 121 S.E.2d 850 (1961). The provisions of the rental agreement in this case are free from ambiguity, and the construction to be given the provisions of this contract is, therefore, a question of law, not of fact. Kent, supra. Notwithstanding the broad meaning accorded the word "customer" by the first paragraph of the rental contract, the second paragraph specifically provided that Dollar's automobile was to be driven only by licensed drivers and that a breach of such provision would constitute a material breach of the rental contract. Thus, no express permission for Ware to drive the automobile is granted by the rental agreement.

B.
The trial court also concluded that even if Ware had no express permission, he had the implied permission of Dollar to drive the car. This conclusion was based upon findings that Williams had, on previous occasions, rented vehicles from Dollar and permitted persons other than those named as customers on the rental contract to drive the cars. The court found that an employee of Dollar knew of the practice and had not objected to it, signifying Dollar's consent for others to use the vehicles rented by Williams.
It is true that an owner's permission to use an insured automobile may be express or implied. Bailey v. General Insurance Company, 265 N.C. 675, 144 S.E.2d 898 (1965).
"Where express permission is relied upon it must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference. On the other hand, implied permission involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent." (Citations omitted). However, the relationship between the owner and the user, such as kinship, social ties, and the purpose of the use, all have bearing on the critical question of the owner's implied permission for the actual use.
Id. at 678, 144 S.E.2d at 900. Implied permission may be found "where the named insured has knowledge of a violation of instructions and fails to make a significant protest." Nationwide Mutual Ins. Co. v. Land, 318 N.C. 551, 563, 350 S.E.2d 500, 506-07 (1986), quoting 6C J. Appleman, Insurance Law and Practice § 4365 (1979).
In the present case, there was neither evidence nor a finding that Dollar had actual or constructive knowledge that Williams was permitting unlicensed drivers to operate the cars which he rented in violation of the rental agreements. There is no evidence that Dollar's employee had ever seen Ware or that Dollar had any knowledge of Ware's operation of its car until after the collision giving rise to this litigation. Thus, there is no evidentiary support for a finding that Dollar, with knowledge of Williams' violations of the rental contract, failed to protest such violations. Moreover, any implied permission by Dollar is strongly negated by the specific prohibition in the rental contract against permitting an unlicensed driver to drive the rental automobile. We hold that neither the evidence nor the trial court's findings of fact support its conclusion that Ware was driving the rented automobile with Dollar's permission.

*840 C.
The limits of INA's liability under its policy were greater than the coverage required by G.S. 20-281. To the extent that the coverage exceeded that required by the statute, the coverage was "voluntary." American Tours, Inc. v. Liberty Mutual Ins. Co., 315 N.C. 341, 338 S.E.2d 92 (1986). "[A]n insurance company has the right to enter into whatever insuring agreements it wishes to limit its voluntary coverages as opposed to those statutorily required." Id. at 350, 338 S.E.2d at 98.
INA's policy provided coverage to "[a]nyone ... while using with [Dollar's] permission a covered auto" owned by Dollar. Thus, in order for INA's voluntary coverage to be extended, under the terms of the policy, for Ware's negligent operation of Dollar's automobile, Ware must have had either Dollar's express or implied permission to drive it. See Nationwide Mutual Insurance Co. v. Land, supra. Since Dollar had neither expressly nor impliedly given Ware permission to drive its automobile, INA's policy affords no voluntary coverage for claims arising from his negligent operation of it.

II.
Since INA's policy does not provide voluntary coverage, we must determine whether coverage is mandated by the provisions of G.S. 20-281. That statute and G.S. 20-279.21 "prescribe mandatory terms which become part of every liability policy insuring automobile lessors." American Tours, supra at 346, 338 S.E.2d at 96. G.S. 20-281 requires those engaged in the business of renting automobiles to the public to maintain liability insurance "insuring the owner and rentee ... and their agents" against liability for damages for personal injury or death in the minimum amount of $25,000.00 per person and $50,000.00 per accident and for property damage in the amount of $10,000.00. G.S. 20-279.21, "which applies more generally to every policy insuring any automobile owner whether or not that owner leases vehicles," American Tours, supra at 347, 338 S.E.2d at 97, requires that the coverage be extended to "any other persons in lawful possession" of the vehicle. G.S. 20-279.21(b)(2). The trial court in the present case concluded that because Williams had given Ware permission to use the car, Ware was in lawful possession of Dollar's car at the time of the accident so that INA was required to provide coverage in an least the amount mandated by the statutes. We agree.
It is not necessary to show that one has the owner's "permission" to drive an automobile in order to show that he is in "lawful possession" of it within the meaning of G.S. 20-279.21(b)(2). Stanley v. Nationwide Mut. Ins. Co., 71 N.C.App. 266, 321 S.E.2d 920 (1984), disc. rev. denied, 313 N.C. 174, 326 S.E.2d 33 (1985). A person may be in lawful possession of an automobile if he is given possession by someone using the automobile with the express permission of the owner, even though the permission granted by the owner did not include the authority to permit others to operate the automobile. See Belasco v. Nationwide Mutual Ins. Co., 73 N.C.App. 413, 326 S.E.2d 109, disc. rev. denied, 313 N.C. 596, 332 S.E.2d 177 (1985); Engle v. State Farm Mutual Insurance Co., 37 N.C.App. 126, 245 S.E.2d 532, disc. rev. denied, 295 N.C. 645, 248 S.E.2d 250 (1978).
The trial court found in the present case that Brown and Ware were given possession of Dollar's car by Williams, who, as Dollar's customer, was in lawful possession of the automobile. Although Williams violated his contract by permitting Brown and Ware to drive the car, their possession of it was not unlawful. We conclude, as did the trial court, that Ware was in "lawful possession" of Dollar's car at the time of the accident, though he had neither express nor implied permission from Dollar to drive the car. Therefore, INA is required, pursuant to G.S. 20-279.21(b)(2) and G.S. 20-281, to provide coverage for Ware's negligent operation of Dollar's automobile. Such coverage, however, is limited to the amounts of coverage required by those statutes. See G.S. 20-279.21(g); American Tours, supra.

*841 III.
The judgment of the trial court declaring that INA provides coverage to the full extent of its policy limits must be reversed and this cause remanded for entry of judgment, consistent with this opinion, declaring that INA provides coverage for Ware's negligent operation of Dollar's automobile, but only to the extent required by G.S. 20-279.21(b)(2) and 20-281.
Reversed and Remanded.
EAGLES and PARKER, JJ., concur.