THE HERTZ CORPORATION, PLAINTIFF v. NEW SOUTH INSURANCE COMPANY, DEFENDANT

No. COA97-809

(Filed 7 April 1998)

**Insurance § 550 (NCI4th)— rental car—competing insurance provisions**

The judgment of the trial court in a bench trial was affirmed and defendant's policy provides insurance coverage where plaintiff rented a car and provided insurance, the driver of the car was involved in an accident, plaintiff settled the claim arising from that accident, and plaintiff sought in this action to recover from defendant, the insurer of the driver. The rental agreement expressly restricts plaintiff's coverage to the minimum limits required by the automobile financial responsibility law of North Carolina and further states that if the lessee does not purchase supplemental insurance, then the protection provided by plaintiff is secondary. Although defendant contends that its policy excludes coverage for "other collectable auto insurance," plaintiff's rental agreement extends only to the minimum limits required by North Carolina law and it provides only secondary coverage where other valid and collectible insurance exists. Defendant's policy provides full coverage and the law of North Carolina does not require plaintiff to provide coverage.

Appeal by defendant from judgment entered 9 April 1997 by Judge Russell Lanier in New Hanover County Superior Court. Heard in the Court of Appeals 26 February 1998.

*Johnson & Lambeth, by Robert White Johnson, for plaintiff-appellee.*

*Crossley, McIntosh, Prior & Collier, by H. Mark Hamlet, for defendant-appellant.*

LEWIS, Judge.

Bennie Prince rented a car from plaintiff and accidentally drove it into Chinita Murphy's Buick. Ms. Murphy and her passengers were injured and the Buick was damaged. The accident took place in Wilmington, North Carolina.

At the time of the accident, Mr. Prince was the named insured of an automobile insurance policy issued by defendant New South Insurance Company ("New South"). The New South policy reads,

PART A—LIABILITY COVERAGE

INSURING AGREEMENT

We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. . . .

"Insured" as used in this Part means:

1. You . . . for the ownership, maintenance, or use of any auto . . . .

. . . .

OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

The rental agreement between Mr. Prince and plaintiff, The Hertz Corporation ("Hertz"), states,

10. LIABILITY PROTECTION

(a) Within the limits stated in this paragraph, Hertz will indemnify, hold harmless, and defend you . . . FROM AND AGAINST LIABILITY TO THIRD PARTIES . . . . THE LIMITS OF THIS PROTECTION, INCLUDING OWNER'S LIABILITY, ARE THE SAME AS THE MINIMUM LIMITS REQUIRED BY THE AUTOMOBILE FINANCIAL RESPONSIBILITY LAW OF THE JURISDICTION IN WHICH THE ACCIDENT OCCURS . . . .

(b) IF YOU DO NOT PURCHASE LIABILITY INSURANCE SUPPLEMENT (LIS) . . . AT THE COMMENCEMENT OF THE RENTAL, YOUR INSURANCE COVERAGE WILL BE PRIMARY, WHICH MEANS THAT PROTECTION PROVIDED BY HERTZ BY THIS PARAGRAPH WILL BE SECONDARY, AND NOT IN ADDITION TO, ANY VALID AND COLLECTIBLE INSURANCE THAT

PROVIDES COVERAGE FOR YOU . . . . IF SECONDARY PRO-
TECTION IS EXTENDED BY HERTZ, THE PROTECTION WILL
BE SELF-INSURED BY HERTZ AND WILL BE EXTENDED
UNDER THE SAME TERMS AND CONDITIONS AS STATED IN
PARAGRAPH 10(a) ABOVE.

Mr. Prince did not purchase the supplementary "LIS" insurance men-
tioned in the rental agreement.

Ms. Murphy and her passengers brought claims for damages
against Mr. Prince. New South denied that its policy covered these
claims and refused to settle them or defend Prince against them.
Subsequently, Hertz paid $8,703.15 to settle the claims and sued New
South to recover its expenses. Hertz prevailed in a bench trial and
New South appeals.

We hold that the New South policy, and not the Hertz rental agree-
ment, provides coverage for the claims against Mr. Prince. We there-
fore affirm.

In North Carolina, there are two statutes that require Hertz to
insure the lessees of its vehicles. The first obligates motor vehicle
owners to secure liability insurance that

insure[s] the person named therein and any other person, as
insured, using any such motor vehicle . . . with the express or
implied permission of such named insured . . . against loss from
the liability imposed by law for damages arising out of the own-
ership, maintenance or use of such motor vehicle . . . .

N.C. Gen. Stat. § 20-279.21(b)(2) (Cum. Supp. 1997). The second
requires entities who are in the business of leasing motor vehicles to
obtain a liability insurance policy that insures

the owner and rentee or lessee and their agents and employees
while in the performance of their duties against loss from any lia-
bility imposed by law for damages . . . caused by accident arising
out of the operation of such motor vehicle . . . .

N.C. Gen. Stat. § 20-281 (1993). The minimum limits of insurance
required by these statutes are identical.

It is well-settled that a motor vehicle owner fulfills the require-
ments of G.S. 20-279.21(b)(2) by obtaining a policy that insures the
owner, and those who drive the insured vehicle with the owner's per-
mission, in the minimum amounts required by law,

subject to the provision that it will not apply if other valid and collectible insurance, in the amount required by the [Motor Vehicle Safety and Financial Responsibility] Act, is provided to such person by a different policy.

*Allstate Ins. Co. v. Shelby Mutual Ins. Co.*, 269 N.C. 341, 352, 152 S.E.2d 436, 444 (1967). Such a policy accomplishes the purpose of the motor vehicle financial responsibility laws, which is to insure innocent motorists against the losses caused by financially irresponsible motorists. *See id.*; *American Tours, Inc. v. Liberty Mutual Ins. Co.*, 315 N.C. 341, 347, 338 S.E.2d 92, 96 (1986); *see also* N.C. Gen. Stat. § 20-279.21(j) ("The requirements for a motor vehicle liability policy may be fulfilled by the policies of one or more insurance carriers which policies together meet such requirements.").

Section 20-281, which applies to entities in the business of leasing vehicles, supplements section 20-279.21, and it too is intended to protect innocent drivers from financially irresponsible drivers. *American Tours*, 315 N.C. at 347, 338 S.E.2d at 96. An insurance policy complies with section 20-281 if it provides the coverage described in 20-281, subject to the condition that no coverage is provided if other liability insurance, in the amount required by statute, is provided by a different policy. *Cf. Jeffreys v. Snappy Car Rental*, 128 N.C. App. 171, ——, 493 S.E.2d 767, 769 (1997).

With these principles in mind, we turn to the competing insurance provisions at issue in this case. The rental agreement between Prince, the lessee, and Hertz expressly restricts Hertz's coverage to the "minimum limits required by the automobile financial responsibility law" of the jurisdiction in which the accident occurs, which in this case is North Carolina. Further, paragraph 10(b) states that if, as here, the lessee does not purchase supplementary insurance from Hertz, then the "protection provided by Hertz by this paragraph will be secondary, and not in addition to, any valid and collectible insurance that provides coverage for you [the lessee]." This policy fulfilled Hertz's obligations to provide insurance under sections 20-279.21(b)(2) and 20-281.

Mr. Prince was fully insured by New South. The damages caused by Mr. Prince were within the minimum coverage provided by the New South policy. Because the New South policy constitutes "valid and collectible insurance that provides coverage for [the lessee]," Hertz's coverage of Mr. Prince is "secondary, and not in addition to,"

the New South coverage. Therefore, Hertz is under no obligation to pay any of the damages caused by Mr. Prince's negligence.

New South contends that its own policy excludes coverage for these damages with the following sentence: "[A]ny insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses." New South's argument is that the liability protection provided by Hertz's rental agreement constitutes "other collectible auto insurance" as that term is used in the New South policy. Therefore, its own coverage is "excess," while Hertz's coverage is primary. We disagree.

While Hertz's rental agreement provides the insurance required by statute, it is not "other collectible auto insurance" as that term is used in the New South policy. The rental agreement extends only to the minimum limits required by North Carolina law and it provides only secondary coverage where other valid and collectible insurance exists. The New South policy provides full coverage for the claims against Mr. Prince, and so the law of North Carolina does not require Hertz to provide any coverage. Therefore, the rental agreement provides no coverage for the claims against Mr. Prince, and as to these claims the coverage provided by the rental agreement is not the "other collectible auto insurance" mentioned in the New South policy. *See United Services Auto. Assn. v. Universal Underwriters Ins. Co.*, 332 N.C. 333, 336-38, 420 S.E.2d 155, 157-58 (1992); *Allstate*, 269 N.C. at 348-51, 152 S.E.2d at 442-44.

The judgment of the superior court is affirmed.

Affirmed.

Judges MARTIN, John C., and MARTIN, Mark D., concur.