**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 04-2028**

—————————

SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA,

Plaintiff - Appellee,

versus

JAN H. TERRY,

Defendant - Appellant,

and

JASON DAVIDSON; AMANDA DAVIDSON,  formerly
known  as  Amanda  B.  Patterson;  PATTERSON
PAVING, INCORPORATED,

Defendants.

—————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge. (CA-03-135-1)

—————————

Argued: May 26, 2005          Decided: August 2, 2005

—————————

Before TRAXLER and DUNCAN, Circuit Judges, and Eugene E. SILER,
Jr., Senior Circuit Judge of the United States Court of Appeals for
the Sixth Circuit, sitting by designation.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Theodore Blackburn Smyth, SMYTH & CIOFFI, L.L.P., Raleigh, North
Carolina, for Appellant.  Susan K. Burkhart, CRANFILL, SUMNER &
HARTZOG, L.L.P., Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

In this diversity action involving the proper interpretation of certain automobile liability insurance policies under North Carolina law, Defendant-Appellant, Jan H. Terry ("Terry"), appeals the district court's July 19, 2004 order denying Terry's summary judgment motion and granting summary judgment to Plaintiff-Appellee, Selective Insurance Company of South Carolina ("Selective"). Because the district court properly held that the policies at issue do not obligate Selective to provide coverage, we affirm the district court order.

I.

The following undisputed facts are taken from the district court opinion. In 1999, Terry suffered serious injuries as a result of a collision with a 1995 Toyota Corolla ("Corolla") operated by Jason Davidson. Jason Davidson is married to Amanda Davidson, whose grandfather, James Patterson, owns and operates Patterson Paving.

At the time of the accident, the Corolla's certificate of title listed Amanda Davidson as the Corolla's owner. Selective, however, had listed the Corolla as a covered automobile under certain provisions in a package of insurance products that Selective provided to Patterson Paving. Relevant to this case, Selective issued a policy that provided commercial automobile

3

liability coverage up to a limit of $1,000,000 (the "Business Auto Policy") and a policy that provided excess commercial automobile liability coverage (the "Umbrella Policy"). The Umbrella Policy is a "following form" policy that utilizes and incorporates the provisions of the Business Auto Policy relevant to this appeal.

Jason Davidson is not a named insured on the Business Auto Policy. The Business Auto Policy, however, provides coverage for accidents caused by "[a]nyone . . . while using with [Patterson Paving's] permission a covered 'auto' [that Patterson Paving] own[s]." JA 228. The Business Auto Policy does not provide a definition of ownership. The Declarations section of the Business Auto Policy, however, contains a section entitled "Item Three-- Schedule of Covered Autos You Own." This section refers to a schedule of autos which contains the Corolla. The parties agree that the Corolla should not have been on the schedule of "owned autos" that the Business Auto Policy referenced and that its inclusion on the list of "Covered Autos You Own" was a mistake.[1]

After the accident between Terry and Jason Davidson, Terry brought suit in North Carolina state court against Jason and Amanda

---

[1]North Carolina regulations forbid the inclusion of privately owned automobiles in commercial fleet policies such as the Business Auto Policy. See 11 N.C.A.C. § 10.0305. It is undisputed that the Corolla's inclusion on the Business Auto Policy was not the result of fraud or bad faith.

Davidson for personal injuries sustained.[2]  In response, Selective filed this action for declaratory relief pursuant to 28 U.S.C. § 2201 to determine whether Selective is obligated, under the insurance polices discussed above, to provide the Davidsons with liability coverage for damages that they might owe to Terry as a result of the alleged accident.

Because the relevant facts are undisputed, the parties filed cross-motions for summary judgment.  The district court denied Terry's motion for summary judgment and granted Selective's motion, holding that the Davidsons are not entitled to liability coverage under either the Business Auto Policy or the Umbrella Policy.[3] Terry timely appeals.

## II.

## A.

We agree with the parties that the federal courts can properly exercise diversity jurisdiction over this matter pursuant to the Declaratory Judgment Act.  See 28 U.S.C. §§ 1332, 2201.  We review

---

[2]Patterson Paving was a defendant in the state court suit, but Terry dismissed Patterson Paving from that suit without prejudice.

[3]The district court did hold, and the parties do not dispute, that Selective is obligated to provide a minimum amount of insurance coverage as mandated by the North Carolina Motor Vehicle Safety and Financial Responsibility Act of 1953, N.C. Gen. Stat. § 20-279.1 et seq..  Because the parties do not raise the issue, this opinion does not address any of the requirements placed on the parties by the Financial Responsibility Act.

5

the district court's grant of summary judgment de novo, applying the same legal standards as the district court. <u>Gallagher v. Reliance Std. Life Ins. Co.</u>, 305 F.3d 264, 268 (4th Cir. 2002). Specifically, summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. <u>Blair v. Defender Servs.</u>, 386 F.3d 623, 625 (4th Cir. 2004).

A federal district court sitting in diversity applies the choice of law rules of the state in which it sits--in this case, North Carolina. <u>Burris Chem. v. USX Corp.</u>, 10 F.3d 243, 245 n.7 (4th Cir. 1993); <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938). We agree with the district court that, under North Carolina choice of law rules, North Carolina contract law applies to interpret the insurance policies at issue.

## B.

The resolution of this case turns on the narrow legal issue of whether Patterson Paving "owned" the Corolla at the time of the accident for purposes of the Business Auto Policy.[4] If Patterson Paving owned the Corolla, then the Business Auto Policy obligates Selective to provide liability coverage for the alleged accident.

---

[4]The Umbrella Policy incorporates the relevant sections of the Business Auto Policy. If Patterson Paving owned the Corolla for purposes of the Business Auto Policy, then it owned the Corolla for purposes of the Umbrella Policy.

If, however, Patterson Paving did not own the Corolla, then the Business Auto Policy does not obligate Selective to provide liability coverage.

Under North Carolina law, the meaning of language in an insurance contract is a matter of law. Guyther v. Nationwide Mut. Fire Ins. Co., 428 S.E.2d 238, 241 (N.C. Ct. App. 1993) (citing Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co., 172 S.E.2d 518, 522 (N.C. 1970). "When a statute is applicable to the terms of a policy of insurance, the provisions of that statute become part of the terms of the policy to the same extent as if they were written in it." Am. Tours, Inc. v. Liberty Mut. Ins. Co., 338 S.E.2d 92, 95 (N.C. 1986). North Carolina statutes, with exceptions not applicable here, define an "owner" as the person who holds legal title to a vehicle. N.C. Gen. Stat. § 20-4.01(26).[5] The undisputed facts in this case indicate that Amanda Davidson, not Patterson Paving, held title to the Corolla at the time of the accident. Patterson Paving, therefore, did not "own" the Corolla for purposes of North Carolina law.

---

[5]Terry argues that this statutory definition of ownership should be limited to the Financial Responsibility Act. The definition, however, applies by its express terms not just to the Act, but "throughout Chapter 20" of the North Carolina General Statutes--the chapter involving motor vehicles. N.C. Gen. Stat. § 20-4.01 (emphasis added). Terry cites no case in which North Carolina courts have construed the definition of "owner" in an automotive liability policy without reference to the statutory definition. Accordingly, we apply the statutory definition of ownership to this case, as we have every reason to believe that the North Carolina Supreme Court would.

In response to this plain statutory definition of ownership, Terry argues that Section II of the Business Auto Policy, by referencing the Corolla as "a covered auto you own," creates an ambiguity concerning the Corolla's ownership which we must resolve in Terry's favor, notwithstanding the statutory provisions to the contrary. See Wachovia Bank & Trust Co. 172 S.E.2d at 522. We cannot, however, accept that an insurance contract contains an ambiguity simply because the parties disagree over the meaning of contract language. "No ambiguity . . . exists unless, in the opinion of the court, the language of the policy is fairly and reasonably susceptible to either of the constructions for which the parties contend." Id.

The district court carefully considered Terry's arguments concerning the meaning of "own" in the Business Auto Policy and concluded that the policy language did not create coverage:

> The context in which the term "own" and the phrase "a covered 'auto' you own" appear within Section II of the Business Auto Coverage Form and Item Three of the Business Automobile Coverage Declaration neither requires nor permits the application of any definition other than the statutory definition of the term "owner," as that term and its cognates are used throughout the Business Auto Policy. Although Defendant Terry contends that Item Three of the Business Automobile Coverage Declaration defines the 1995 Toyota Corolla as "a covered 'auto' you own" for purposes of liability coverage under the Business Auto Policy, the express language of Item Three does not contain a clear definition of any terms used in the Business Auto Policy and does not resemble an insuring agreement between Selective Insurance and Patterson Paving. Moreover, Item Three does not contain a specific list of automobiles identified as covered autos that Patterson Paving owned for purposes of

8

liability coverage under the Business Auto Policy and does not explicitly define the 1995 Toyota Corolla as "a covered 'auto' you own" for purposes of liability coverage under the Business Auto Policy. Item Three of the Business Automobile Coverage Declaration contains merely a general reference to the Auto Schedule and does not provide a precise definition of the term "own" or the phrase "a covered 'auto' you own" that would otherwise replace the statutory definition of the term "owner," as that term and its cognates are used throughout the Business Auto Policy.

JA 387-88. We agree with the reasoning of the district court and affirm the conclusion that the plain policy language simply does not indicate that Patterson Paving owned the Corolla.[6] Therefore,

---

[6]Even if the policy language clearly indicated that Patterson Paving "owned" the Corolla, we question whether the resulting insurance agreement would be enforceable contract under North Carolina law. North Carolina insurance regulations forbid the inclusion of private autos such as the Corolla from inclusion on corporate fleet policies (with their lower rates) in order to protect the general public from price discrimination:

> It is the policy of the N.C. Department of Insurance that the insuring of employees' automobiles in fleet policies of their employer at lower rates than those which apply to other owners of private automobiles is unfair discrimination and is not permitted, whether or not the employees' private cars are operated part of the time in the interest of the employer. This applies to all forms of automobile insurance. The inclusion of a privately owned car in a fleet or group policy will be construed as prima facie evidence of unfair discrimination.

11 N.C.A.C. § 10.0305 (2005).

In other words, the public policy underlying this entire dispute (the fact that the Corolla should have been owned by Patterson Paving) was not designed to protect the insured or the insurer, but the general insurance buying public. If we were to enforce the contract as Terry reads it, then we must necessarily hold that the parties to a private insurance contract can agree to a course of action "not permitted" by the North Carolina Department of Insurance as "prima facie evidence of unfair discrimination."

9

Amanda Davidson, not Patterson Paving, owned the Corolla at the time of the accident for purposes of the Business Auto Policy and the Umbrella Policy.

Because Patterson Paving did not own the Corolla at the time of the accident, Selective Insurance is not obligated to provide liability insurance for the accident to Jason and Amanda Davidson under either the Business Auto Policy or the Umbrella Policy. We therefore affirm the district court order granting summary judgment to Selective and denying summary judgment to Terry.

AFFIRMED

---

Such a holding would be a bold step for a federal court sitting in diversity. As noted above, however, we need not reach this issue because, as the district court held, the plain language of the insurance contract does not provide coverage for the accident.