INTEGON INDEMNITY CORPORATION, PLAINTIFF v. UNIVERSAL UNDERWRITERS
INSURANCE COMPANY, DEFENDANT

No. 9228SC1233

(Filed 6 September 1994)

**Insurance § 549 (NCI4th)— loaner vehicle—driver's policy—garage liability—applicable policy**

The trial court erred in a declaratory judgment action arising from an automobile accident by concluding that Ms. Gaddy was not insured under defendant Universal's policy and that Universal had no duty to provide coverage or indemnity to Ms. Gaddy or her parents where Brandy Dryman was injured when a vehicle driven by Ms. Gaddy overturned; that vehicle was owned by Meeker Lincoln Mercury, which was insured by defendant Universal; the vehicle had been loaned to Ms. Gaddy's parents while their vehicle was out of normal use needing repairs; Ms. Gaddy was using the vehicle with her parent's permission; Ms. Gaddy's parents were insured by plaintiff Integon; Ms. Gaddy was insured by Atlantic Casualty Co.; and plaintiff Integon settled the underlying action. Universal was required by N.C.G.S. § 20-279.21(b)(2) to insure persons operating the vehicle with Meeker's permission, as was Ms. Gaddy, but the policy provides that Universal will pay its pro rata share of the minimum limits if there is other applicable insurance, which Integon provided. The cause was remanded for entry of a judgment providing for defendant Universal to pay its pro rata share.

**Am Jur 2d, Automobile Insurance §§ 217 et seq.**

INTEGON INDEMNITY CORP. v. UNIVERSAL UNDERWRITERS INS. CO.

[116 N.C. App. 279 (1994)]

Appeal by plaintiff from judgment entered 1 October 1992 by Judge Loto Greenlee Caviness in Buncombe County Superior Court. Heard in the Court of Appeals 26 October 1993.

*Blue, Fellerath, Cloninger & Barbour, P.A., by Frederick S. Barbour, for plaintiff appellant.*

*Petree Stockton, by James H. Kelly, Jr., for defendant appellee.*

COZORT, Judge.

Plaintiff appeals from the trial court's order holding that plaintiff's insured was not an insured under defendant's insurance policy and that defendant had no obligation to indemnify plaintiff's insured and no duty to defend plaintiff's insured for claims arising out of a motor vehicle accident.

On 13 December 1991, plaintiff insurance company filed a declaratory judgment action seeking a determination of the rights of the parties with respect to policy coverage arising out of an automobile accident on 5 March 1989. On 1 October 1992, the trial court found facts which can be summarized as follows: On 5 March 1989, Brandy Dryman was injured when a vehicle driven by Lisa Gaddy overturned. The vehicle was a 1988 Peugeot owned by Meeker Lincoln-Mercury, Inc., loaned to Hope and Allen Bridges, Lisa Gaddy's parents, and driven with permission from the Bridges. Brandy Dryman and her parents filed suit seeking recovery for personal injury, medical bills, and other related expenses. The lawsuit was settled for $18,000.00 which plaintiff paid. At the time of the accident, Meeker Lincoln-Mercury was insured by defendant Universal Underwriters Insurance Company. The Bridges held an automobile liability policy with plaintiff Integon. The parties stipulated and the court found:

11. . . . "Meeker Lincoln Mercury, Inc. loaned the 1988 Peugeot to Hope and Allen Bridges because a Chevrolet automobile owned by Hope Bridges and insured by Plaintiff was out of its normal use because of the need for repairs due to damages sustained in a collision."

12. . . . "at the time of the accident, Plaintiff provided certain liability insurance coverage to Hope and Allen Bridges, under the terms of its insurance policy with Hope and Allen Bridges, with liability limits in the minimum amount required by the North Carolina General Statutes."

13. . . . "at the time of the accident involved herein, Atlantic Casualty Insurance Company provided a policy of automobile liability insurance covering Lisa Gaddy with liability limits in the minimum amount required by the North Carolina General Statutes."

The trial court concluded in pertinent part: Ms. Gaddy and her parents were insured under the Integon liability policy; Ms. Gaddy and her parents were insured under Ms. Gaddy's automobile liability policy issued by Atlantic Casualty Insurance Company; Ms. Gaddy was using the car within the scope of permission granted by Meeker; at the time of the accident, Ms. Gaddy was not an insured under the Universal policy because she was not "required by law to be an INSURED" under the Universal policy by virtue of the coverage provided by plaintiff and Atlantic Casualty Insurance Company, which satisfied N.C. Gen. Stat. § 20-279.21(b)(2) (1993); by the terms of Universal's policy, Universal had no obligation to indemnify Ms. Gaddy or her parents for claims arising out of Brandy Dryman's injuries; under the terms of Universal's policy, Universal had no duty to defend Ms. Gaddy and her parents; and Integon is not entitled to recover from Universal. Plaintiff appeals.

On appeal, plaintiff argues that the trial court erred in concluding that Ms. Gaddy was not an insured under the Universal policy and that Universal had no duty to provide coverage or indemnity to Ms. Gaddy or her parents. Plaintiff contends that the provisions of the Financial Responsibility Act, N.C. Gen. Stat. § 20-279.21.9(b)(2), and the terms of the Universal policy required Ms. Gaddy to be an insured under the policy and that Universal agreed to provide coverage under the terms of the policy. Defendant counters that Ms. Gaddy was not an insured under the Universal policy because she was not "required by law" to be an insured by virtue of her insurance with Integon and Atlantic Casualty. Since Ms. Gaddy was not an insured, defendant argues, Universal contracted for no liability.

Both parties rely upon *United Services Auto. Assn. v. Universal Underwriters Ins. Co.*, 332 N.C. 333, 420 S.E.2d 155 (1992), in which the North Carolina Supreme Court addressed almost identical policies as at issue here. In *United Services*, the plaintiff company insured the driver of a truck involved in a collision. At the time of the accident, the insured driver was driving the truck with permission of Warden Motors, Inc. (Warden), the owner of the vehicle. Warden held a garage owner's liability policy with defendant Universal Underwrit-

ers. The Supreme Court first noted the similarity between the case at bar and *Allstate Ins. Co. v. Shelby Mutual Ins. Co.*, 269 N.C. 341, 152 S.E.2d 436 (1967), in which the Court held

> that an insurer by the terms of its policy could exclude liability coverage under a garage owner's liability policy if the driver of a vehicle owned by the garage was covered under his own policy for the minimum amount of liability coverage required by the Motor Vehicle Financial Responsibility Act, N.C.G.S. § 20-279.1 *et seq.* Whether such exclusion occurs depends on the terms of the policy.

*United Services Auto Assn.*, 332 N.C. at 334, 420 S.E.2d at 156. The *Allstate Ins. Co.* Court found that the garage owner's policy did not provide coverage because of the excess coverage provision in the driver's policy. *Id.* at 335, 420 S.E.2d at 156.

After reviewing the holding of *Allstate Insurance Co.*, the *United Services* Court considered if either of the two policies at issue *excluded* coverage. The driver's United Services Automobile Association policy defined a "Covered person" as: "1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**" *Id.* at 335, 420 S.E.2d at 157. The policy contained the following "Other insurance" provision:

> If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

*Id.* The policy of defendant Universal identified "an insured" in part as

> 3. Any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission.

*Id.* at 336, 420 S.E.2d at 157. The Universal policy provided for the following limits:

> Regardless of the number of INSUREDS or AUTOS insured by this Coverage Part, . . . the most WE will pay is:
>
> 1. With respect to GARAGE OPERATIONS and AUTO HAZARD, the limit shown in the declarations for any one OCCURRENCE.

The portion of the limit applicable to persons or organizations required by law to be an INSURED is only the amount (or amount in excess of any other insurance available to them) needed to comply with the minimum limits provision of such law in the jurisdiction where the OCCURRENCE takes place.

*Id.* The "other insurance" provision stated:

The insurance afforded by this Coverage Part is primary, except it is excess:

\* \* \* \*

2. for any person or organization who becomes an INSURED under this Coverage Part as required by law.

*Id.*

The Court concluded that Universal provided no coverage to plaintiff, reasoning:

It is apparent that in defining the limits for which it would be liable for an occurrence involving a person required by law to be insured, Universal agreed to cover only what was needed to comply with the financial responsibility law. In this case, nothing is needed because the plaintiff provides the required coverage. We held in *Insurance Co.,* that a garage owner's policy complies with the Motor Vehicle Safety and Financial Responsibility Act although it does not provide liability coverage for an occurrence if the operator of the vehicle involved in the occurrence is covered by another policy.

\* \* \* \*

. . . In this case, Universal has not contracted for any liability. The plaintiff's liability cannot be shared and it is not excess. Universal limited the amount it would pay so that it has no coverage.

*Id.* at 336-37, 420 S.E.2d at 157-58. The Court noted that the provisions of the auto hazard section were not applicable because the Universal policy did not provide coverage for the driver of the truck. The Court plainly stated that "Universal was required by law to insure persons who were operating the truck with Warden's permission. N.C.G.S. § 20-279.21(b)(2) (1989). The driver of the truck in this case falls within that class and makes the limitation in the policy applicable." *Id.* at 338, 420 S.E.2d at 158.

INTEGON INDEMNITY CORP. v. UNIVERSAL UNDERWRITERS INS. CO.

[116 N.C. App. 279 (1994)]

Applying the above analysis to the case below, we find that the trial court erred in finding that Ms. Gaddy was not an insured under the Universal policy and that defendant Universal was not required to indemnify Integon in any amount. Ms. Gaddy held her automobile liability policy with plaintiff Integon, which policy provides in pertinent part:

OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

The defendant Universal policy provides in pertinent part:

"WHO IS AN INSURED . . . .

* * * *

3. Any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission."

UNICOVER COVERAGE PART 500
GARAGE

* * * *

THE MOST WE WILL PAY—Regardless of the number of INSUREDS or AUTOS insured by this Coverage Part, persons or organizations who sustain INJURY, claims made or suit brought, the most WE will pay is:

1. With respect to GARAGE OPERATIONS and AUTO HAZARD, the limit shown in the declarations for any OCCURRENCE.

With respect to persons or organizations required by law to be an INSURED, the most WE will pay, in the absence of any other applicable insurance, is the minimum limits required by the Motor Vehicle Laws of North Carolina. When there is other applicable insurance, WE will pay only OUR pro rata share of such minimum limits.

* * * *

OTHER INSURANCE—The insurance afforded by this Coverage
Part is primary, except:

* * * *

(2) WE will pay only OUR pro rata share of the minimum limits
required by the Motor Vehicle Laws of North Carolina when:

(a) a person or organization required by law to be an
INSURED is using an AUTO owned by YOU and insured
under the AUTO HAZARD . . . .

Since the pertinent insurance provisions considered in *United
Services* and the case below are almost identical except for the cov-
erage limitation provisions, our analysis here is the same as the
Court's in *United Services* up to the point of determining whether the
Universal policy provides coverage. As in *United Services*, we must
determine which of the two policies provides coverage. Although
defendant contends that Ms. Gaddy is not an insured under the poli-
cy because she was "not required by law" to be an insured under the
Universal policy, the *United Services* Court rejected this very argu-
ment. As quoted above, the *United Services* Court noted that Univer-
sal was required by law to insure the driver of the truck under the
provisions of the Financial Responsibility Act. Although the driver
was an insured, the limitation in the Universal policy precluded cov-
erage by Universal because United Services Automobile Association
provided coverage sufficient to satisfy the minimum financial require-
ments. Similarly, in the case below, N.C. Gen. Stat. § 20-279.21(b)(2)
required Universal to insure persons operating the Peugeot with
Meeker's permission. We find that Ms. Gaddy was an insured because
she was operating the vehicle with Meeker's permission.

The question then is whether Universal agreed to provide cover-
age to Ms. Gaddy under the circumstances. In *United Services*, under
the coverage limitation provisions, Universal agreed to insure per-
sons "required by law to be an insured" only in the amount necessary
to comply with the minimum provisions of North Carolina law. Since
the driver's policy in *United Services* provided the minimum cover-
age, the Court reasoned that Universal had not agreed to provide cov-
erage. In the case below, the parties stipulated that Ms. Gaddy and the
Bridges held policies with Atlantic Casualty and Integon respectively,
each with liability limits in the minimum amount required by North
Carolina law. As in *United Services*, the Integon policy provided that
coverage was excess over any other collectible insurance for vehicles

not owned by the insured. Following the reasoning in *United Services*, we find that Integon provided the minimum coverage required by the Financial Responsibility Act. As in *United Services*, "[t]here is nothing in the policy issued by the plaintiff which says it will not provide coverage if there is another policy which provides coverage." *United Services*, 332 N.C. App. at 337, 420 S.E.2d at 157.

Although the analysis and policies in *United Services* and the case below are almost identical, there is a significant difference in the Universal policy coverage provisions. Unlike *United Services*, in the case below, the Universal policy provides that, if there is other applicable insurance, Universal will pay its pro rata share of the minimum limits. Since Integon provides other applicable insurance, we find that by the terms of the policy Universal has agreed to pay a pro rata share of the minimum financial limits. Therefore, we find that the trial court erred in finding and concluding that Ms. Gaddy was not an insured under the Universal policy, Universal did not have an obligation to indemnify Ms. Gaddy or her parents, Universal had no duty to defend, and Integon was entitled to nothing from Universal.

The judgment below is reversed and the cause remanded for entry of a judgment providing for defendant Universal to pay its pro rata share.

Reversed and remanded.

Judges EAGLES and ORR concur.