UTICA MUTUAL INSURANCE COMPANY v. CANAL INSURANCE
COMPANY

No. 7418SC530

(Filed 20 November 1974)

1. **Insurance § 90— automobile liability insurance — exclusion of leased vehicles — no violation of Vehicle Financial Responsibility Act**

    Provision in defendant's policy which excluded insurance on the liability of those operating under lease from defendant's insured was not void for violation of the Financial Responsibility Act, and defendant was therefore not liable to plaintiff, lessee's insurer, for damages paid by it when an employee of lessee negligently caused damage to a building while operating the leased vehicle.

2. **Insurance § 80— Vehicle Financial Responsibility Act — purpose**

    The primary purpose of the Financial Responsibility Act is to assure that innocent victims of financially irresponsible motorists are compensated, not to protect a tort-feasor from liability for the loss he causes.

APPEAL by plaintiff from *Long, Judge,* 4 February 1974 Session of Superior Court held in GUILFORD County.

This is an action to recover damages paid and expenses incurred by plaintiff, Utica Mutual Insurance Company, in settlement of a claim arising out of the use of a 1963 Ford truck owned by Leo's Trailer Rental. Leo's leased the truck to Dixie Bedding Company, Inc. The lease provided that the lessee, Dixie, would pay all damages arising out of the use of the vehicle. While operating the truck, an employee of Dixie negligently caused damage to a building owned by Kallam Oil Company, Inc.

Kallam instituted a suit for the damage to its building against Dixie. Dixie forwarded the suit papers to Utica, its insurance carrier. Utica then made demand upon defendant, Canal Insurance Company, insurer of Leo's, to defend the suit. Canal denied that its policy extended coverage to lessees of its insured and refused to defend. Utica retained counsel on behalf of Dixie and negotiated a settlement with Kallam in the amount of $5,500.00. Utica paid the judgment, plus court costs of $19.00 and attorneys fees of $400.00, which it now seeks to recover from Canal.

The facts were stipulated. The judge concluded as a matter of law that Utica was not entitled to recover against Canal and entered judgment accordingly.

*Smith, Moore, Smith, Schell & Hunter by David M. Moore, II, for plaintiff appellant.*

*Henson, Donahue & Elrod by Perry C. Henson for defendant appellee.*

VAUGHN, Judge.

Utica contends that Canal's policy to Leo's is an owner's policy and by statute is required to afford primary coverage to those operating the truck with Leo's permission. An endorsement, E-45, on Canal's policy provided that the policy afforded no insurance to anyone using the vehicle under lease from Leo's and further provided that when the vehicle was leased to another, the insurance afforded Leo's would be excess over any other insurance.

Utica's policy with Dixie is a comprehensive liability policy covering liability arising out of the ownership, maintenance and use of motor vehicles. The advance premium stated in the declarations is only an estimate and provision is made for calculation of the earned premium upon termination of the policy. Among other things, the policy establishes a premium rate of five percent of the "cost of hire" involved in the use of vehicles rented by Dixie. The five percent rate is contingent upon a provision that the owner of the rented vehicle shall have purchased insurance covering the interest of Dixie on a direct primary basis and submitted evidence of that insurance to Dixie. The policy also provides that the insurance with respect to loss arising out of the use of any hired vehicle "insured on a cost of hire basis" is "excess insurance over any other valid and collectible insurance."

An insurance policy is a contract between insurer and insured. Utica contracted with Dixie to insure its liability arising out of the use of the vehicle it leased from others. Canal's contract with Leo's expressly provided it would not insure the liability of the lessee (Dixie). Thus, by express exclusion, Canal's policy with Leo did not provide "other valid and collectible insurance" to Dixie for its liability arising out of the use of a hired vehicle. Moreover, it is highly questionable whether, on this record, there is a showing that the hired vehicle involved in this loss was one insured by Utica on a "cost of hire basis" and thus it is questionable whether Utica is in a position to invoke the excess coverage only clause in its policy with Dixie.

[1] We ground our decision, however, upon a rejection of Utica's basic argument. Utica contends that the provision in Canal's policy which excludes insurance on the liability of those operating under lease from Canal's insured is void and that, since the alleged exclusion is void, Canal's policy with Leo's provides primary coverage for Dixie's liability. Utica argues that the exclusionary clause is void on the grounds that it violates the motor vehicle Safety and Financial Responsibility Act, G.S. 20-279.1, *et seq.*, and G.S. 20-281, which makes it unlawful to engage in the motor vehicle leasing business without first securing insurance on the liability of both owner and lessee.

[2] The primary purpose of the Financial Responsibility Act is to assure that innocent victim of financially irresponsible motorists are compensated. *Nationwide Mutual Insurance Company v. Aetna Life and Casualty Company,* 283 N.C. 87, 90, 194 S.E. 2d 834, 837. Here, Kallam, the victim, has received the benefit of liability insurance as contemplated by the Act. "The requirements for a motor vehicle liability policy may be fulfilled by the policies of one or more insurance carriers which policies together meet such requirements." G.S. 20-279.21(j). As in *Continental Cas. Co. v. Weeks,* 74 So. 2d 367, which was quoted with approval in *Allstate Ins. Co. v. Shelby Mutual Ins. Co.,* et al, 269 N.C. 341, 152 S.E. 2d 436:

> " 'There is no basis in the record before us for the conclusion that public policy will be violated by the enforcement of . . . [the exclusionary clause] . . . although we cannot and do not hold that this will be true in every case. For aught that appears here, sufficient financial responsibility is provided for the protection of the public, and this is nothing more than a contest between insurance companies.' "

The emphasis of the Act is the protection of innocent victims as opposed to the protection of a tort-feasor from liability for the loss he causes. For example "any motor vehicle liability policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for the provisions of this article." G.S. 20-279.21(h).

Canal's policy contained a clause stating that the insurance afforded would comply with the financial responsibility laws to the extent of the coverage and limit of liability required by that law. That clause also contained the reimbursement provi-

sion set out in G.S. 20-279.21 (h). Thus, if Canal is required to pay this claim, contrary to the express provision of the insurance contract and solely by reason of the Financial Responsibility Act, it presumably would look for reimbursement from its insured, Leo's, who, in turn could seek recovery from Dixie under the terms of the lease wherein Dixie contracted to pay all damages arising out of the use of the leased vehicle. The trail of responsibility would then appear to lead again to Utica under its insurance contract to insure Dixie against claims arising out of the use of the vehicle.

Absent the Financial Responsibility Act, Utica would clearly have no claim against Canal. We do not understand that these acts or the public policy behind them are intended to vest Utica with such a claim in this case.

The judgment is affirmed.

Affirmed.

Judges CAMPBELL and PARKER concur.