UNITED SERVICES AUTOMOBILE ASSOCIATION v. UNIVERSAL UNDER-WRITERS INSURANCE COMPANY AND WARDEN MOTORS, INC., D/B/A CLEMMONS TRADERS

No. 506PA91

(Filed 4 September 1992)

**Insurance § 549 (NCI4th)— test drive of vehicle—driver's insurance—garage liability policy—applicable policy**

A driver's own liability policy, not a dealer's garage liability policy, provides liability coverage for an accident that occurred while the driver was test driving a vehicle owned by the dealer where the other insurance provision of the driver's policy provides that, if there is other applicable liability insurance, the driver's insurer will pay only its share of the loss and that any insurance provided for a vehicle not owned by the insured shall be excess over other insurance; the garage liability policy provides that it is excess for any person who becomes a covered insured "as required by law" and that for an occurrence involving a person "required by law" to be insured, coverage is provided only for the amount needed to comply with the financial responsibility law; no amount is needed under the garage liability policy because the driver's own policy provides the coverage required by law; and the garage liability policy thus provides no liability coverage for the test driver's accident.

UNITED SERVICES AUTO. ASSN. v. UNIVERSAL UNDERWRITERS INS. CO.

[332 N.C. 333 (1992)]

Am Jur 2d, Automobile Insurance §§ 432-434.

Liability insurance of garages, motor vehicle repair shops and sales agencies, and the like. 93 ALR2d 1047.

ON discretionary review pursuant to N.C.G.S. § 7A-31(a) of an opinion of the Court of Appeals, 104 N.C. App. 206, 408 S.E.2d 750 (1991), affirming the declaratory judgment entered in favor of plaintiff by *Beaty, J.*, in the Superior Court, FORSYTH County on 2 October 1990. Heard in the Supreme Court 13 March 1992.

This case involves a dispute as to which of two insurance companies has provided liability insurance to the driver of a truck involved in a collision. The driver of the truck had a liability insurance policy with the plaintiff. He was driving the truck with the permission of Warden Motors, Inc., which owned it, for the purpose of deciding whether he would purchase it. Warden had a garage owner's liability policy with the defendant Universal Underwriters Insurance Company.

The superior court held that the defendant Universal provided liability coverage and the Court of Appeals affirmed this holding. We allowed the defendant Universal's petition for discretionary review.

*Nichols, Caffrey, Hill, Evans & Murrelle, by Karl N. Hill, Jr., for plaintiff-appellee.*

*Petree, Stockton & Robinson, by James H. Kelly, Jr., for defendant-appellant.*

WEBB, Justice.

We faced a situation very similar to the one in this case in *Insurance Co. v. Insurance Co.*, 269 N.C. 341, 152 S.E.2d 436 (1967). We hold that pursuant to *Insurance Co.* we are bound to reverse the Court of Appeals.

In *Insurance Co.* we held that an insurer by the terms of its policy could exclude liability coverage under a garage owner's liability policy if the driver of a vehicle owned by the garage was covered under his own policy for the minimum amount of liability coverage required by the Motor Vehicle Financial Responsibility Act, N.C.G.S. § 20-279.1 *et seq.* Whether such an exclusion occurs depends on the terms of the policy. *Insurance Co.* holds that N.C.G.S.

§ 20-279.21(j) allows either of the two policies which provides for the required liability coverage to satisfy the financial responsibility required by the Act.

In *Insurance Co.* the garage owner's policy contained a provision that coverage for the driver was provided, "only if no other valid and collectible automobile liability insurance, either primary or excess, . . . is available to such person." The driver's policy provided that in the event there was other coverage, the driver's coverage would be excess coverage. This Court held that this excess coverage provision in the driver's policy was an event which excluded coverage for the driver in the garage owner's policy.

In this case, we must examine the two policies to determine if either of them excludes coverage. We note that there is not a contention that the driver of the truck is not covered by liability insurance. The question is which of the two policies provides coverage.

The policy issued by the plaintiff to the driver of the truck provided in its coverage section as follows:

We will pay damages for bodily injury or property damage for which any **covered person** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

"**Covered person**" as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer**.

The policy issued by the plaintiff also contained the following "other insurance" provision:

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

The policy issued by the defendant Universal identified the following as insureds with respect to the auto hazard:

**UNITED SERVICES AUTO. ASSN. v. UNIVERSAL UNDERWRITERS INS. CO.**

[332 N.C. 333 (1992)]

1. YOU;

2. Any of YOUR partners, paid employees, directors, stockholders, executive officers, a member of their household or a member of YOUR household, while using an AUTO covered by this Coverage Part, or when legally responsible for its use. The actual use of the AUTO must be by YOU or within the scope of YOUR permission;

3. Any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission.

The limits of the policy issued by Universal are as follows:

Regardless of the number of INSUREDS or AUTOS insured by this Coverage Part, persons or organizations who sustain INJURY, claims made or suits brought, the most WE will pay is:

1. With respect to GARAGE OPERATIONS and AUTO HAZARD, the limit shown in the declarations for any one OCCURRENCE.

The portion of the limit applicable to persons or organizations required by law to be an INSURED is only the amount (or amount in excess of any other insurance available to them) needed to comply with the minimum limits provision of such law in the jurisdiction where the OCCURRENCE takes place.

The "other insurance" provision of the policy issued by Universal provides as follows:

The insurance afforded by this Coverage Part is primary, except it is excess:

1. for PRODUCT RELATED DAMAGES and LEGAL DAMAGES;

2. for any person or organization who becomes an INSURED under this Coverage Part as required by law.

It is apparent that in defining the limits for which it would be liable for an occurrence involving a person required by law to be insured, Universal agreed to cover only what was needed to comply with the financial responsibility law. In this case, nothing is needed because the plaintiff provides the required coverage. We held in *Insurance Co.*, that a garage owner's policy complies

with the Motor Vehicle Safety and Financial Responsibility Act although it does not provide liability coverage for an occurrence if the operator of the vehicle involved in the occurrence is covered by another policy.

The plaintiff contends that this limitation by Universal is nothing more than making the liability limits the same as under the Financial Responsibility Act. The plaintiff concedes this language is an attempt to subtract from those limits any other coverage the driver might have. We believe that a better reading of this sentence, particularly because the clause in parentheses refers to an "amount in excess of any other insurance available to them," is that this limitation was intended to be affected by the existence of other coverage.

There is nothing in the policy issued by the plaintiff which says it will not provide coverage if there is another policy which provides coverage. The plaintiff does say in the other insurance provision of its policy that if there is other insurance, it will pay only its share of the loss and that if the insured is operating a vehicle he does not own, the plaintiff's liability shall be excess over other insurance. In this case, Universal has not contracted for any liability. The plaintiff's liability cannot be shared and it is not excess. Universal limited the amount it would pay so that it has no coverage.

The plaintiff contends that N.C.G.S. § 20-279.21(b)(2) requires that the liability policy issued to Warden cover anyone operating the truck with Warden's permission which makes it an insurer of the driver of the truck. We held in *Insurance Co.*, that this provision of N.C.G.S. § 20-279.21(b)(2) was satisfied if the policy of either the owner or the driver provided liability coverage. In this case, the driver's policy provides the coverage required by law.

The plaintiff also says that under the terms of the policy issued by Universal, the driver was covered by liability insurance. The policy identified as an insured a person required by law to be an insured if using the truck with the permission of Warden. The auto hazard section of the policy included an automobile owned by Warden and furnished by it for the use of any person. The insuring agreement was that Universal would pay all damages caused by an occurrence arising out of an auto hazard. The plaintiff says these parts of the policy indicate that the driver was covered by defendant Universal's policy. These terms in Universal's policy

are applicable for those persons for which Universal provides coverage. In this case, Universal does not provide coverage for the driver of the truck.

We do not agree with the Court of Appeals that the phrase "required by law" as used in Universal's policy and particularly in the part which limits coverage is ambiguous. Universal was required by law to insure persons who were operating the truck with Warden's permission. N.C.G.S. § 20-279.21(b)(2) (1989). The driver of the truck in this case falls within that class and makes the limitation in the policy applicable.

For the reasons stated in this opinion, we reverse the Court of Appeals and remand for remand to the superior court for entry of a judgment for the defendant Universal Underwriters Insurance Company.

Reversed and remanded.