INTEGON INDEMNITY CORP. v. UNIVERSAL UNDERWRITERS INS. CO.

[342 N.C. 166 (1995)]

INTEGON INDEMNITY CORPORATION v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY

No. 516PA94

(Filed 3 November 1995)

### 1. Insurance § 549 (NCI4th)— loaner vehicle—garage liability—driver's policy—pro rata share

In a declaratory judgment action seeking a determination of the rights of the parties with respect to policy coverage applicable to an automobile accident, where Universal insured Meeker Lincoln-Mercury, which loaned the automobile involved in the accident to Hope and Allen Bridges, insured by Integon, who gave permission to use the vehicle to their daughter, Lisa Gaddy, who was insured by Atlantic Casualty, Universal is required to pay a pro rata share of the minimum limits required by the motor vehicle laws of North Carolina because the Universal policy provides that if there is other applicable insurance, Universal will pay its pro rata share of the minimum limits required by law and there is other applicable insurance here through Lisa Gaddy. Under the Universal policy, Lisa Gaddy is an insured as an operator of one of Meeker's automobiles within the scope of its permission. Although Universal argues that, because Lisa Gaddy has insurance with two other insurance companies which meet the minimum requirements of the Motor Vehicle Safety and Financial Responsibility Act, she is not an individual "required by law" to be an insured and the terms of the policy do not extend pro rata coverage to this claim, Lisa Gaddy does have other applicable insurance and under the terms of the policy Universal is responsible for a pro rata share of the minimum limits. The policy in *United Services Auto. Assn. v. Universal Underwriters Ins. Co.*, 332 N.C. 333, which involved similar facts and policies, contained limitations not present in the Universal policy at issue here.

**Am Jur 2d, Automobile Insurance §§ 220, 246, 432.**

**Apportionment of losses among automobile liability insurers under policies containing pro rata clauses. 21 ALR2d 611.**

**Liability insurance of garages, motor vehicle repair shops and sales agencies, and the like. 93 ALR2d 1047.**

**2. Insurance § 549 (NCI4th)— garage liability policy— driver's policy—defense costs**

In an action arising from an automobile accident involving a vehicle loaned by an auto dealer, plaintiff Integon conceded that defense costs should not be prorated and the Court of Appeals' opinion on this issue was reversed.

**Am Jur 2d, Automobile Insurance § 432.**

**Allocation of defense costs between primary and excess insurance carriers. 19 ALR4th 107.**

Justice ORR did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 116 N.C. App. 279, 447 S.E.2d 512 (1994), reversing the judgment entered in favor of defendant by Caviness, J., in the Superior Court, Buncombe County, on 1 October 1992. Heard in the Supreme Court 12 September 1995.

*Blue, Fellerath, Cloninger & Barbour, P.A., by Frederick S. Barbour, for plaintiff-appellee.*

*Petree Stockton, L.L.P., by James H. Kelly, Jr. and Susan Holdsclaw Boyles, for defendant-appellant.*

PARKER, Justice.

Plaintiff Integon Indemnity Corporation ("Integon") filed a declaratory judgment action seeking a determination of the rights of the parties with respect to policy coverage applicable to an automobile accident on 5 March 1989. The case was heard in Superior Court, Buncombe County, and judgment was entered on 1 October 1992. The trial court made *inter alia* the following findings of fact: On 5 March 1989 Meeker Lincoln-Mercury ("Meeker") owned a 1988 Peugeot automobile. On 5 March 1989 while the Meeker Peugeot was being operated by Lisa Gaddy, the vehicle overturned causing injury to Brandy Dryman. Meeker had loaned the Peugeot to Hope and Allen Bridges, parents of Lisa Gaddy. Lisa Gaddy had the permission of her parents to be operating the automobile at the time of the accident on 5 March 1989. At the time of the accident, Meeker was insured under a policy of insurance issued by defendant Universal Underwriters Insurance Company ("Universal"). The parties stipulated and the court further found that at the time of the accident, Integon provided

automobile liability coverage to Hope and Allen Bridges with liability limits in the minimum amount required by the North Carolina General Statutes and that a third insurer, Atlantic Casualty Insurance Company ("Atlantic"), provided a policy of automobile liability insurance covering Lisa Gaddy with liability limits in the minimum amount required by the North Carolina General Statutes.

Based on the foregoing findings of fact, the trial court concluded that at the time of the accident Lisa Gaddy, Allen Bridges, and Hope Bridges were insureds under both the Integon and Atlantic automobile liability policies, each policy with liability limits in the minimum limits required by the North Carolina General Statutes; Lisa Gaddy was using the Peugeot within the scope of permission granted by Meeker; Lisa Gaddy was not an insured under the Universal policy because she was not "required by law to be an INSURED" under the Universal policy by virtue of the coverage provided by Integon and Atlantic, which satisfied N.C.G.S. § 20-279.21(b)(2); by the terms of Universal's policy, Universal had no obligation to indemnify or defend Lisa Gaddy or her parents, Allen and Hope Bridges, in connection with the accident on 5 March 1989; and Integon is entitled to recover nothing from Universal.

On Integon's appeal to the Court of Appeals, that court reversed the trial court's judgment and remanded the cause for entry of judgment providing for defendant Universal to pay its pro rata share of the minimum limits required by the motor vehicle laws of North Carolina. On this issue we affirm the decision of the Court of Appeals.

[1] North Carolina's Motor Vehicle Safety and Financial Responsibility Act requires each automobile owner to carry a minimum amount of liability insurance providing coverage for the named insured as well as any other person using the automobile with the express or implied permission of the named insured. N.C.G.S. § 20-279.21(b)(2) (1993). Provisions of the Motor Vehicle Safety and Financial Responsibility Act are written into every automobile policy as a matter of law. *Nationwide Mut. Ins. Co. v. Chantos*, 293 N.C. 431, 441, 238 S.E.2d 597, 604 (1977). In accordance with this statutory requirement of coverage for permissive users, the insurance policy Universal issued to Meeker extended liability coverage to:

With respect to the AUTO HAZARD:

1. YOU;

2. Any of YOUR partners, paid employees, directors, stockholders, executive officers, a member of their household or a member of

YOUR household, while using an AUTO covered by this Coverage Part, or when legally responsible for its use. The actual use of the AUTO must be by YOU or within the scope of YOUR permission;

3. Any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission.

Under section 3 set out above, as an operator of one of Meeker's automobiles within the scope of its permission, Lisa Gaddy is an insured under the Universal policy. *United Services Auto. Assn. v. Universal Underwriters Ins. Co.*, 332 N.C. 333, 338, 420 S.E.2d 155, 158 (1992). Thus Universal is responsible for providing liability coverage for Lisa Gaddy unless its policy contains language limiting or excluding coverage.

Although N.C.G.S. § 20-279.21(b)(2) requires each automobile owner to carry a minimum amount of liability insurance, we have previously held that this statute is satisfied if the terms of the policy exclude coverage in the event the driver of a vehicle is covered under some other policy for the minimum amount of liability coverage required by law. *Allstate Ins. Co. v. Shelby Mut. Ins. Co.*, 269 N.C. 341, 352, 152 S.E.2d 436, 444-45 (1967). Defendant Universal argues that the following provisions found in its policy expressly deny any coverage to a driver "required by law" to be an insured, when the driver has other policy coverage sufficient to satisfy N.C.G.S. § 20-279.21(b)(2):

UNICOVER COVERAGE PART 500

GARAGE

. . . .

THE MOST WE WILL PAY—Regardless of the number of INSUREDS or AUTOS insured by this Coverage Part, persons or organizations who sustain INJURY, claims made or suits brought, the most WE will pay is:

1. With respect to GARAGE OPERATIONS and AUTO HAZARD, the limit shown in the declarations for any one OCCURRENCE.

With respect to persons or organizations required by law to be an INSURED, the most WE will pay, in the absence of any

other applicable insurance, is the minimum limits required by the Motor Vehicle Laws of North Carolina. When there is other applicable insurance, WE will pay only OUR pro rata share of such minimum limits.

. . . .

OTHER INSURANCE—The insurance afforded by this Coverage Part is primary, except:

. . . .

(2) WE will pay only OUR pro rata share of the minimum limits required by the Motor Vehicle Laws of North Carolina when:

   (a) a person or organization required by law to be an INSURED is using an AUTO owned by YOU and insured under the AUTO HAZARD . . . .

Defendant Universal argues that because Lisa Gaddy has insurance with two other insurance companies, Integon and Atlantic, which meets the minimum requirements of the Motor Vehicle Safety and Financial Responsibility Act, she is not an individual "required by law" to be an insured and the terms of the policy do not extend pro rata coverage to this claim. We have previously held that an individual operating an automobile with the owner's permission is an individual "required by law" to be an insured as that phrase is used in Universal's policy. *United Services*, 332 N.C. at 338, 420 S.E.2d at 158. We disagree with Universal's argument that its policy precludes coverage to a driver "required by law" to be an insured when the driver already has sufficient liability coverage. The policy provides that Universal will pay its pro rata share of the minimum limits required by law. The "most we will pay" clause in the Universal policy states that the most the company will pay for an individual required by law to be an insured is "the minimum limits required by the Motor Vehicle Laws of North Carolina" and that it will only pay this amount if the driver has no other insurance. In the event the driver does have other applicable insurance, the policy states that it will pay a pro rata share of such minimum limits. In this case Lisa Gaddy does have other applicable insurance; and under the terms of the policy, Universal is responsible for a pro rata share of the minimum limits.

Similarly, the "other insurance" provision of Universal's policy sets out that the insurance is primary except that it will only pay the "pro rata share of the minimum limits required by the Motor Vehicle

**INTEGON INDEMNITY CORP. v. UNIVERSAL UNDERWRITERS INS. CO.**

[342 N.C. 166 (1995)]

Laws of North Carolina" for an individual required by law to be an insured. Lisa Gaddy is an individual required by law to be an insured, and Universal is responsible for paying a pro rata share of the minimum requirements under the Motor Vehicle Safety and Financial Responsibility Act.

Defendant Universal argues that its position that Lisa Gaddy is not an insured under its policy is supported by *United Services*, a case with facts and insurance policies similar to those at issue here. In *United Services* the plaintiff insurance company provided coverage to the driver of a truck involved in a collision. At the time of the collision, the insured driver was operating the truck with the permission of the owner of the vehicle, Warden Motors, Inc. ("Warden"). Warden carried a garage owner's liability policy with defendant Universal Underwriters Insurance Company. *United Services*, 332 N.C. at 334, 420 S.E.2d at 156.

In *United Services* we held that Universal was required by law to insure persons who were operating the truck with the owner's permission. *Id.* at 338, 420 S.E.2d at 158. However, we also held that Universal had limited its liability under its "most we will pay" and "other insurance" clauses in contracting to pay only the amount, or amount in excess of any other insurance available, needed to comply with the Motor Vehicle Safety and Financial Responsibility Act. *Id.* at 336-37, 420 S.E.2d at 157-58.

The definition of "insured" present in the Universal policy before the Court in *United Services* is almost identical to the definition found in the policy at issue in this case. Each policy contains an identical provision extending coverage to any person "required by law" to be an insured. There are, however, significant differences in the Universal policy analyzed by the Court in *United Services* and the Universal policy currently before the Court. In *United Services* the subject Universal policy provided for the following limitations:

Regardless of the number of INSUREDS or AUTOS insured by this Coverage Part, . . . the most WE will pay is:

1. With respect to GARAGE OPERATIONS and AUTO HAZARD, the limit shown in the declarations for any one OCCURRENCE.

The portion of the limit applicable to persons or organizations required by law to be an INSURED is *only the amount (or amount in excess of any other insurance available to them)*

*needed to comply with the minimum limits* provision of such law in the jurisdiction where the OCCURRENCE takes place.

*Id.* at 336, 420 S.E.2d at 157 (emphasis added). The "other insurance" provision stated:

The insurance afforded by this Coverage Part is primary, *except it is excess*:

. . . .

2. for any person or organization who becomes an INSURED under this Coverage Part as required by law.

*Id.* (emphasis added).

The Universal policy at issue in *United Services* clearly limited liability coverage for individuals "required by law" to be an insured to "only the amount (or amount in excess of any other insurance available to them) needed to comply with the minimum limits" of any applicable law. Similarly, the policy provided that it was excess for any person who becomes an insured as required by law. No such limitations are present in the Universal policy at issue in this case.

The Universal policy in the instant case provides that if there is other applicable insurance, Universal will pay its pro rata share of the minimum limits required by law. Since there is other applicable insurance, we conclude that by the terms of the policy, Universal has agreed to pay a pro rata share of the minimum limits required by the motor vehicle laws of North Carolina.

[2] An additional issue was before the Court regarding which of the insurance companies is primarily responsible for the defense of Lisa Gaddy. Defendant Universal argues that if Lisa Gaddy is covered under its policy, there is no provision in the policy obligating Universal to pay defense costs. Plaintiff Integon concedes that defense costs should not be prorated and states that each carrier has a separate duty to defend its own insured. Accordingly, on this issue the Court of Appeals' opinion is reversed.

AFFIRMED IN PART, REVERSED IN PART.

Justice ORR did not participate in the consideration or decision of this case.