ETHEL JEFFREYS, Plaintiff v. SNAPPY CAR RENTAL, INC. and CHRISTOPHER TODD BASINGER, Defendants v. ATLANTIC INDEMNITY COMPANY, Additional Defendant by Cross-claim

No. COA96-849

(Filed 16 December 1997)

**Insurance § 584 (NCI4th)— car rental—self-insured lessor— liability insurance—provision by lessor not required**

A car rental company, which was a certified self-insured leasing company, was not obligated by N.C.G.S. § 20-281 to provide $25,000 of primary liability coverage to a lessee for an accident that occurred while the lessee was driving the rental vehicle where the lessee had a valid liability policy for the minimum amount required by the Financial Responsibility Act, and the car rental agreement specifically excluded liability insurance coverage.

Appeal by cross-claim defendants from order entered 29 March 1996 by Judge Henry V. Barnette, Jr., in Wake County Superior Court. Heard in the Court of Appeals 1 April 1997.

*Womble Carlyle Sandridge & Rice, A Professional Limited Liability Company, by R. Anthony Hartsoe, for defendant-appellee Snappy Car Rental, Inc.*

*Walter L. Horton, Jr., and David K. Williams, Jr., for cross-claim defendants-appellants Christopher Todd Basinger and Atlantic Indemnity Company.*

TIMMONS-GOODSON, Judge.

Defendant Christopher Todd Basinger ("Basinger") operated a motor vehicle owned by defendant Snappy Car Rental, Inc. ("Snappy") on 3 April 1995, when he collided with a vehicle operated by plaintiff Ethel Jeffreys. Plaintiff filed an action against Basinger and Snappy to recover damages resulting from the collision. At the time of the accident, Snappy was a certified self-insured vehicle leasing company under the North Carolina Motor Vehicle Safety and Financial Responsibility Act of 1953 ("The Financial Responsibility Act") and the Vehicle Responsibility Act of 1957. In addition, Basinger had a valid liability insurance policy of $25,000.00 in effect with Atlantic Indemnity Company ("Atlantic").

After plaintiff's action was commenced, Snappy filed a cross-claim naming Atlantic as an additional defendant. By its cross-claim, Snappy sought a declaratory judgment determining the rights and liabilities of Snappy and Atlantic as to primary liability coverage in the context of plaintiff's suit against Basinger. Snappy claimed that it had no duty to defend Basinger or to pay any portion of a judgment that plaintiff might obtain against him, because Atlantic furnished primary coverage. Atlantic, on the other hand, denied primary coverage and maintained that as a certified self-insurer under North Carolina General Statutes section 20-281, Snappy was obligated to provide $25,000.00 of primary liability coverage to its lessee, Basinger. Upon cross-motions for summary judgment, the trial court entered judgment in favor of Snappy and against Basinger and Atlantic. Basinger and Atlantic appeal.

On appeal, Basinger and Atlantic argue that the trial court erred in awarding summary judgment to Snappy. They contend that notwithstanding the terms of the lease agreement, North Carolina General Statutes section 20-281 compelled Snappy, as a self-insured leasing company, to provide primary indemnity coverage to Basinger. We disagree.

Section 20-281 of the General Statutes provides, in pertinent part:

[I]t shall be unlawful for any person, firm or corporation to engage in the business of renting or leasing motor vehicles to the public for operation by the rentee or lessee unless such person, firm or corporation has secured insurance for his own liability and that of his rentee or lessee[.]

N.C. Gen. Stat. § 20-281 (1993). Section 20-281 accommodates North Carolina General Statues section 20-279.21, which is part of the Financial Responsibility Act and is generally applicable to all automobile owners. See American Tours, Inc. v. Liberty Mutual Ins. Co., 315 N.C. 341, 338 S.E.2d 92 (1986); N.C. Gen. Stat. § 20-279.21 (Cum. Supp. 1996). The primary purpose of compulsory automobile liability insurance, as mandated by the Financial Responsibility Act, is to compensate innocent victims who have been injured by financially irresponsible motorists. Insurance Co. v. Insurance Co., 23 N.C. App. 715, 717, 209 S.E.2d 552, 553 (1974), cert. denied, 286 N.C. 415, 211 S.E.2d 801 (1975); see also Insurance Co. v. Casualty Co., 283 N.C. 87, 194 S.E.2d 834 (1973). To that end, "an insurer by the terms of its policy [can] exclude liability coverage under a[n] . . . owner's policy if

the driver of a vehicle . . . [is] covered under his own liability policy for the minimum amount of liability coverage required by the Motor Vehicle Financial Responsibility Act, N.C.G.S. § 20-279.1 *et seq.*" *United Services Auto. Assn. v. Universal Underwriters Ins. Co.*, 332 N.C. 333, 334, 420 S.E.2d 155, 156 (1992).

Atlantic urges this Court to regard *Southern Home Insurance Company v. Burdette's Leasing Service, Inc.*, 268 S.C. 472, 234 S.E.2d 870 (1977), a South Carolina case, as controlling authority on the issue of primary coverage. We decline to do so, as abundant North Carolina case law exists addressing the issues involved in this action. Indeed, regarding the Financial Responsibility Act's mandate that automobile owners carry liability insurance, our Supreme Court has "held that this statute is satisfied if the terms of the policy exclude coverage in the event the driver of a vehicle is covered under some other policy for the minimum amount of liability coverage required by law." *Integon Indemnity Corp. v. Universal Underwriters Ins. Co.*, 342 N.C. 166, 169, 463 S.E.2d 389, 391 (1995) (citing *Allstate Ins. Co. v. Shelby Mut. Ins. Co.*, 269 N.C. 341, 352, 152 S.E.2d 436, 444-45 (1967)).

In the case *sub judice*, Basinger had a valid $25,000.00 liability insurance policy with Atlantic, when he executed the vehicle lease agreement with Snappy. The lease agreement expressly denied liability coverage, stating in bold, conspicuous, capital letters: "NO LIABILITY INSURANCE PROVIDED BY SNAPPY." Likewise, Basinger agreed to indemnify and hold Snappy harmless against all claims and liabilities arising out of Basinger's use of the rental car. Thus, as Basinger had an operative liability insurance policy meeting the requirements of the Financial Responsibility Act, and as Snappy specifically excluded liability insurance in the lease agreement, Snappy owes Basinger no liability coverage. This argument, therefore, fails.

Atlantic further argues that paragraph 7C of the rental agreement specifically states Snappy's intent to furnish primary liability coverage in this matter. Section 7C, entitled "Liability, Indemnification and Insurance" reads pertinently, as follows:

> If You [Snappy] are required by law to provide automobile liability . . . insurance coverage, the limits will be the minimum required by the financial responsibility law of the jurisdiction in which I [Basinger] signed this Agreement. If You [Snappy] are required to provide such coverage, then I [Basinger] and all

Authorized Renters will defend, indemnify and hold You [Snappy] harmless from and against any loss, liability and expense in excess of the limits of protection that You [Snappy] so provide.

Notwithstanding Atlantic's contention, this section, read in context with section 7A of the rental agreement, addresses the situation where, unlike here, the lessee lacks personal liability coverage. Section 7A states:

I represent to You [Snappy] that I [Basinger] have a valid policy of automobile liability insurance in force for bodily injury or death of another, and for property damage. You are relying upon my representation about my automobile insurance, and You are not providing automobile liability insurance, or any other form of insurance covering the Car, to Me or to any other person using or riding in the Car while it is on rent to Me.

The lease agreement plainly denied indemnity coverage for Basinger, since he had an effective liability insurance policy with Atlantic. Therefore, this argument too must fail.

For the reasons stated herein, the trial court's order granting summary judgment to Snappy is affirmed.

Affirmed.

Judges GREENE and WYNN concur.