USAA CASUALTY INSURANCE COMPANY, Plaintiff v. UNIVERSAL UNDERWRITERS INSURANCE COMPANY, RAGSDALE MOTOR COMPANY, INC., and WILLIAM B. ROBERTS, Defendants

No. COA99-971

(Filed 5 July 2000)

**Insurance— automobile—excess insurance clauses**

The trial court did not err by granting summary judgment for defendant Universal in a declaratory judgment action to determine the responsibilities of the two insurers in a claim arising from an automobile accident where both policies contained "other insurance" provisions. The applicable provisions of both policies may be given effect without a mutually repugnant interpretation; under Universal's policy, the plaintiff UGAA's coverage is the other applicable insurance and Universal is only obligated to pay a pro rata share.

Appeal by plaintiff from judgment entered 22 February 1999 by Judge Wiley F. Bowen in Orange County Superior Court. Heard in the Court of Appeals 26 April 2000.

**USAA CASUALTY INS. CO. v. UNIVERSAL UNDERWRITERS INS. CO.**

[138 N.C. App. 684 (2000)]

*Edgar & Paul, by Patrick M. Anders, for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Leigh Ann Smith, for defendants-appellees.*

WALKER, Judge.

On 30 December 1997, plaintiff USAA Casualty Insurance Company ("USAA") filed this declaratory judgment action against defendant Universal Underwriters Insurance Company ("Universal") to determine the responsibilities of the two insurers based on a claim arising out of an underlying vehicle accident.

On 22 November 1995, USAA's insured, Burke S. Lewis, was operating a vehicle owned by Universal's insured, Ragsdale Motor Company, Inc., an automobile dealership. Lewis was driving with the permission of Michael R. Ragsdale, Jr. ("Ragsdale"), who was also in the vehicle and is the son of Ragsdale Motor Company's president. Ragsdale had been given the permanent use of the vehicle by his father.

The vehicle Lewis was driving struck another vehicle driven by William B. Roberts, who brought suit against Lewis, Ragsdale, and Ragsdale Motor Company. A dispute arose between USAA and Universal as to the priorities of coverage between their policies. USAA and Universal settled with Roberts for $10,500, with payment contingent upon the outcome of the declaratory judgment.

USAA's liability policy contains an "other insurance" clause which provides:

> If there is other applicable liability insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a temporary substitute vehicle or non-owned auto shall be excess over any other valid and collectible insurance.

USAA's policy limits were $300,000 per person injured.

Under Universal's liability policy, Part (4) of WHO IS AN INSURED states that an insured is:

> any other person or organization required by law to be an INSURED while using an AUTO covered by this Coverage Part within the scope of YOUR permission.

Additionally, COVERAGE PART 500—GARAGE provides in part:

> With respect to part (4) of WHO IS AN INSURED the most WE will pay in the absence of any other applicable insurance, is the minimum limits required by the Motor Vehicle Laws of North Carolina. When there is other applicable insurance, WE will pay only OUR pro rata share of such minimum limits.

Universal's "other insurance" provision provides in part:

> The insurance afforded by this Coverage Part is primary, except:
>
>                        . . .
>
>    (2) WE will pay only OUR pro rata share of the minimum limits required by the Motor Vehicle Laws of North Carolina when:
>
>       (a) any person or organization under part (3) or (4) of WHO IS AN INSURED is using an AUTO owned by YOU and insured under the AUTO HAZARD.

Universal's policy limits were $25,000 per person injured.

Both parties moved for summary judgment and the trial court granted Universal's motion, ordering Universal to "pay pro rata as to the minimum limits or Universal is responsible for a 1/12 share" of the $10,500 settlement, or $875 plus interest.

USAA argues the trial court erred in failing to give effect to its "excess" insurance clause in determining the liability under the policies. Specifically, USAA's coverage is "over and above Universal's, since Universal directly insured the vehicle" involved in the accident, so that the settlement should be paid entirely by Universal's policy.

USAA concedes that the language in Universal's policy has been previously examined by our Supreme Court and this Court in *Integon Indemnity Corp. v. Universal Underwriters Ins. Co.*, 342 N.C. 166, 463 S.E.2d 389 (1995) ("*Integon I*"), and *Integon Indemnity Corp. v. Universal Underwriters Ins. Co.*, 131 N.C. App. 267, 507 S.E.2d 66 (1998) ("*Integon II*"). In both cases, under substantially similar facts and construing identical policies of Universal, our appellate courts held that Universal was responsible for a pro rata share of the minimum limits required by North Carolina's motor vehicle laws.

In *Integon I*, an automobile dealership loaned a car to Allen and Hope Bridges (the Bridges), whose daughter subsequently was

involved in a collision while operating the vehicle with her parents' permission. *Integon I*, 342 N.C. at 167, 463 S.E.2d at 390. The Bridges were insured by Integon and the dealership was insured by Universal. *Id.* Integon's "other insurance" provision provided that "any insurance we provide for a vehicle you do not own shall be excess over any collectible insurance." *Integon Indemnity Corp. v. Universal Underwriters Ins. Co.*, 116 N.C. App. 279, 284, 447 S.E.2d 512, 515 (1994). Universal's "other insurance" provision provided that it would only pay the pro rata share of the minimum limits required by the Motor Vehicle Laws of North Carolina. *Integon I*, 342 N.C. at 170-71, 463 S.E.2d at 392. Our Supreme Court held that, under Universal's policy, when the driver has other applicable insurance, Universal is responsible for paying a pro rata share of the minimum limits. *Id.* at 170, 463 S.E.2d at 392.

In *Integon II*, Randall Baucom rented a vehicle from Griffin Motor Company, Inc., and subsequently was in a collision while operating the vehicle. *Integon II*, 131 N.C. App. at 268, 507 S.E.2d at 67. Baucom was insured by Integon and Griffin was insured by Universal. *Id.* The two policies' applicable coverage provisions were the same as in *Integon I*. *Id.* at 269, 507 S.E.2d at 68. Just as in *Integon I*, this Court held that, when the driver has other applicable insurance, Universal is responsible for paying a pro rata share of the minimum limits. *Id.* at 275, 507 S.E.2d at 71. Additionally, this Court stated that:

> we note [Integon] has advanced no argument asserting application in the instant case of the coverage limitation in the Integon policy "for a vehicle you do not own" to the "excess over any other collectible insurance." Accordingly, we have not addressed, nor do we express any opinion, as to the effect of this provision upon our analysis herein.

*Id.*

Here, the applicable provisions of both policies may be given effect without yielding a mutually repugnant interpretation. Under Universal's policy, Lewis's USAA coverage is the other applicable insurance; therefore, Universal is only obligated to pay a pro rata share, or one-twelfth of $10,500. *See Integon I*, 342 N.C. at 170, 463 S.E.2d at 392.

Under USAA's "excess" insurance clause, the "other valid and collectible insurance" is Universal's pro rata share, or one-twelfth of $10,500. Thus, USAA is obligated to pay the remainder.

USAA argues that *Integon I* and *Integon II* are distinguishable in that those cases involved "test drivers or rental cars," while "Lewis was simply a permissive user." This constitutes a distinction without a difference and USAA's argument is without merit. *See Integon II*, 131 N.C. App. at 274, 507 S.E.2d at 71.

USAA also argues that Universal's "other insurance" clause violates North Carolina law and public policy since the provision allows Universal to defeat the statutory requirement of providing minimum limits of coverage under N.C. Gen. Stat. § 20-279.21. Based upon *Integon I*, USAA's argument is without merit. Accordingly, the trial court did not err in granting summary judgment for Universal.

Affirmed.

Judges LEWIS and MARTIN concur.