HARLEYSVILLE MUTUAL INSURANCE COMPANY, Plaintiff v. ZURICH-AMERICAN INSURANCE COMPANY and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendants

No. COA02-720

(Filed 15 April 2003)

**1. Insurance— commercial automobile liability policy— leased vehicle—driving with lessee's permission—statutory minimum coverage**

The insurer that provided commercial automobile liability insurance to the owner-lessor of an automobile was required by the Financial Responsibility Act to provide the statutory minimum coverage for claims against an employee of an automobile tire shop who caused an accident while test-driving the automobile with the lessee's permission even though the commercial liability policy provided that, regardless of whether the lessee or person in lawful possession had insurance, the lessee and anyone driving with permission of the lessee were not covered under the policy. N.C.G.S. §§ 20-279.21(b), 20-281.

**2. Insurance— motor vehicle—Financial Responsibility Act— umbrella liability policy**

An umbrella liability policy issued to a vehicle owner did not provide excess coverage to a third-party driver for an automobile accident, even though coverage was written into another policy to the same insured by the Financial Responsibility Act. The Financial Responsibility Act only requires coverage to minimum limits, not additional umbrella coverage.

**3. Insurance— motor vehicles—Financial Responsibility Act—duty to defend**

The Financial Responsibility Act does not impose a duty to defend, and the insurer of a vehicle owner did not have the duty to defend a third-party driving the vehicle after it had been leased, where coverage was available only through the Financial Responsibility Act.

Appeal by plaintiff from order filed 12 March 2002 by Judge Ronald E. Spivey in Guilford County Superior Court. Heard in the Court of Appeals 12 March 2003.

*Pinto Coats Kyre & Brown, PLLC, by David L. Brown and John I. Malone, Jr., for plaintiff-appellant.*

*Bailey & Thomas, P.A., by David W. Bailey, Jr. and John R. Fonda, for defendant-appellee St. Paul Fire and Marine Insurance Company.*

TYSON, Judge.

## I.  Background

On 12 July 1999, an employee of Briggs, Inc. d/b/a Briggs & Sons Tire ("Briggs") was test driving a car owned by Frank Consolidated Enterprises, Inc. d/b/a Wheels, Inc. ("Wheels, Inc.") and leased to Nationwide Mutual Insurance Company ("Nationwide") when he collided with an automobile owned and operated by Helen Harris. Harris sustained injuries as a result of the accident and filed a lawsuit against Briggs, Wheels, Inc., and Nationwide, *Harris v. Briggs* in Cumberland County. Wheels, Inc. and Nationwide settled with Harris prior to trial. The jury awarded $1.5 million to plaintiff.

At the time of the accident, Harleysville Mutual Insurance Company ("Harleysville") had issued a Commercial Garage Owners

Liability Policy to Briggs. Zurich-American Insurance Company ("Zurich") issued a business automobile liability policy naming Nationwide as the insured. St. Paul Fire and Marine Insurance Company ("St. Paul") issued both a commercial automobile liability insurance policy and an umbrella policy naming Wheels, Inc. as the insured.

On 23 October 2000, Harleysville brought the present declaratory judgment action against Zurich and St. Paul for contribution and a pro rata share of the costs. Zurich and Harleysville settled and Zurich was dismissed. Harleysville and St. Paul filed cross-motions for summary judgment. The trial court granted summary judgment in favor of St. Paul. We reverse.

## II. Issue

The issue is whether the insurance policies issued by St. Paul provides coverage to Briggs and its employee.

## III. Standard of Review

Summary judgment is proper if the movant is entitled to judgment as a matter of law. *Integon Indem. Corp. v. Universal Underwriters Ins. Co.*, 131 N.C. App. 267, 270, 507 S.E.2d 66, 68 (1998) (*Integon II*). "The meaning of specific language used in a policy of insurance is a question of law." *Id.*

## IV. Liability Coverage

Harleysville contends that language in St. Paul's policy is in direct conflict with N.C. Gen. Stat. § 20-279.1 *et seq.* (1999) ("Financial Responsibility Act") and that coverage is provided to the statutory minimum amounts based on the Financial Responsibility Act. St. Paul argues that its policy satisfies the Financial Responsibility Act and does not provide any coverage.

### A. St. Paul's Basic Automobile Liability Protection Policy

St. Paul's basic Automobile Liability Protection policy provides:

**Bodily injury and property damage liability.** We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:

• results from the ownership, maintenance, use, loading or unloading of a covered auto; and

• is caused by an accident that happens while this agreement is in effect.

Protected person is defined as "any person or organization who qualifies as a protected person under the Who Is Protected Under This Agreement section." Protected person under the policy includes:

> **Any permitted user.** Any person or organization to whom you've given permission to use a covered auto you own, rent, lease, hire or borrow is a protected person.

> However, we won't consider the following to be a protected person:

> . . .

> • Anyone using a covered auto while working in the business of selling, servicing, repairing, storing or parking autos, unless the business is yours.

The policy provides that "This agreement is primary insurance for covered autos you own and excess insurance for those you don't own." An endorsement to the policy provides:

> Your Automobile Liability Protection is broadened to protect your business when you lease or rent autos to others.

> We'll provide Automobile Liability Protection for a covered leased or rented auto if you have required the person or organization who leased or rented the auto from you to provide primary liability insurance for you.

> COVERED LEASED OR RENTED AUTO means an auto you lease or rent to someone under a written lease or rented agreement; which requires the person or organization to whom you lease or rent the auto to provide primary liability insurance for you. A leased or rented auto also includes a substitute or additional auto when part of the same agreement.

> Limit of this coverage. The limit of this coverage for you or your employees or agents is excess liability protection over the amount of primary liability insurance that the person or organization who leased or rented the auto from you has.

> However, we won't protect the person or organization to whom you lease or rent the auto, including employees, agents, or anyone using such auto with their permission.

The named insured on the St. Paul policy was "Frank Consolidated Enterprises, Inc., Wheels, Inc., Four Wheels Company, Wheels Leasing Canada, Ltd." Wheels, Inc. owned the vehicle that was leased

HARLEYSVILLE MUT. INS. CO. v. ZURICH-AMERICAN INS. CO.

[157 N.C. App. 317 (2003)]

by Nationwide. Nationwide gave Briggs and its employee permission to drive the leased vehicle when it was delivered to Briggs for service. The employee of Briggs caused the accident involving the leased vehicle and injured Ms. Harris.

St. Paul contends the express terms of the policy do not provide insurance to Nationwide because the lease agreement requires Nationwide to provide its own insurance. St Paul argues in its brief that "lessees of vehicles and their permittee drivers are not protected persons."

### B. Financial Responsibility Act

Where the policy does not provide voluntary coverage, we must determine whether coverage is mandated by the provisions of N.C. Gen. Stat. §§ 20-281 and 20-279.21. The two statutes " 'prescribe mandatory terms which become part of every liability policy insuring automobile lessors.' " *Ins. Co. of N. America v. Aetna Life and Casualty Co.*, 88 N.C. App. 236, 242, 362 S.E.2d 836, 840 (1987) (quoting *American Tours, Inc. v. Liberty Mutual Ins. Co.*, 315 N.C. 341, 346, 338 S.E.2d 92, 96 (1986)). The Financial Responsibility Act requires each automobile owner to carry a minimum amount of liability insurance. "When a statute is applicable to the terms of a policy of insurance, the provisions of that statute become part of the terms of the policy to the same extent as if they were written in it." *American Tours*, 315 N.C. at 344, 338 S.E.2d at 95. The provisions of the Financial Responsibility Act "are written into every automobile policy as a matter of law." *Integon Indemnity Corp. v. Universal Underwriters Ins. Co.*, 342 N.C. 166, 168, 463 S.E.2d 389, 390-91 (1995) (*Integon I*).

N.C. Gen. Stat. § 20-279.21(b) provides:

Such owner's policy of liability insurance: . . . (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, or any other persons in lawful possession, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: twenty-five thousand dollars ($25,000) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, fifty thousand dollars ($50,000)

because of bodily injury to or death of two or more persons in any one accident, and fifteen thousand dollars ($15,000) because of injury to or destruction of property of others in any one accident.

N.C. Gen. Stat. § 20-281 makes it unlawful:

for any person, firm or corporation to engage in the business of renting or leasing motor vehicles to the public for operation by the rentee or lessee unless such person, firm or corporation has secured insurance for his own liability and that of his rentee or lessee, in such an amount as is hereinafter provided, . . . . Each such motor vehicle leased or rented must be covered by a policy of liability insurance insuring the owner and rentee or lessee and their agents and employees while in the performance of their duties against loss from any liability imposed by law for damages including damages for care and loss of services because of bodily injury to or death of any person and injury to or destruction of property caused by accident arising out of the operation of such motor vehicle, subject to the following minimum limits: twenty-five thousand dollars ($25,000) because of bodily injury to or death of one person in any one accident, and fifty thousand dollars ($50,000) because of bodily injury to or death of two or more persons in any one accident, and fifteen thousand dollars ($15,000) because of injury to or destruction of property of others in any one accident.

These sections were amended, with an effective date of 1 July 2000, to increase the minimums; however, the above amounts were in effect at the time of the accident. "Section 281, which applies specifically to automobile owners who lease their cars for profit, is a companion section to and supplements § 279.21, which applies to automobile owners generally." *American Tours*, 315 N.C. at 346, 338 S.E.2d at 96.

### C. Coverage

[1] The terms of N.C. Gen. Stat. § 20-281 expressly require that the insurance policy secured by Wheels, Inc. provides coverage for its lessee, Nationwide, and to Nationwide's agents for the set minimum amounts. The terms of N.C. Gen. Stat. § 20-279.21(b)(2) require that the insurance policy secured by Wheels, Inc. provide coverage for at least the statutory minimum amounts for anyone in lawful possession, including the employee of Briggs. If the policy's language does

not provide coverage, then coverage in the amounts of the statutory minimum is written into the policy.

Our Courts have held that the Financial Responsibility Act is "satisfied if the terms of the policy exclude coverage in the event the driver of a vehicle is covered under some other policy for the minimum amount of liability coverage required by law." *Integon I*, 342 N.C. at 169, 463 S.E.2d at 391 (citing *Allstate Ins. Co. v. Shelby Mut. Ins. Co.*, 269 N.C. 341, 352, 152 S.E.2d 436, 444-45 (1967)). In *Integon I*, Universal's policy expressly limited coverage by stating "With respect to persons or organizations required by law to be an INSURED, the most WE will pay, in the absence of any other applicable insurance, is the minimum limits required by the Motor Vehicle Laws of North Carolina. When there is other applicable insurance, WE will pay only OUR pro rata share of such minimum limits." *Id.* at 169-70, 463 S.E.2d at 391. This Court found that, even though the driver of the vehicle had other insurance, she was still "required by law" to be an "insured" based on the Financial Responsibility Act. *Id.* Universal was required to pay its pro rata share of the minimum limits. *Id.*

Unlike the policy in *Integon I* and the policy in *United Services Auto Assn. v. Universal Underwriters Ins. Co.*, 332 N.C. 333, 420 S.E.2d 155 (1992), relied upon in *Integon I*, St. Paul's policy does not make reference to the Financial Responsibility Act and the obligations statutorily imposed upon the insurance companies and their policies. St. Paul's policy does not limit its exclusion of coverage to when the driver of the vehicle was covered under some other policy for the statutory minimum amount. It provides that, regardless of whether the lessee or the person in lawful possession had insurance, the lessee and anyone driving with permission of the lessee are not covered under the policy. This provision does not satisfy the Financial Responsibility Act. Because the policy does not satisfy N.C. Gen. Stat. §§ 20-281 and 20-279.21, the terms of those statutes are written into St. Paul's basic Automobile Liability Protection policy. There is coverage in the statutory minimum amounts for claims against Briggs' employee, a person in lawful possession of the vehicle and operating with the permission and authority of Nationwide. The trial court erred in granting summary judgment to St. Paul.

### D. St. Paul's Umbrella Policy

**[2]** Harleysville contends that under the Umbrella Policy, St. Paul is required to pay its pro rata share of liability in excess of $1 million. We disagree.

The St. Paul Umbrella policy protects "Any person or organization who is a protected person under your automobile Basic Insurance for the use of an auto is a protected person under this agreement." As discussed above, Briggs is excluded from being a "protected person" under the terms of the policy. Thus, Briggs is not covered by the umbrella policy. The Financial Responsibility Act only requires coverage to the minimum limits, not additional umbrella coverage.

Further, the St. Paul's Umbrella policy expressly states:

If there is any other insurance for injury or damage covered by this agreement, we won't make any payments until the other insurance has been used up with the payment of damages.

Because Harleysville has a policy for $1,000,000 and an excess liability policy for $1,000,000, there is other insurance which has not "been used up with the payment of damages." By the terms of the policy, St. Paul's umbrella policy does not provide excess coverage.

## V. Expenses and Costs

[3] The express terms of St. Paul's insurance policy do not provide coverage for Briggs and its employee. St. Paul does not have a contractual duty to defend Briggs. Coverage is available only through the Financial Responsibility Act. Because the Financial Responsibility Act does not impose on the insurance company a duty to defend, no duty to defend is written into the policy as a matter of law.

## VI. Conclusion

The trial court erred in granting summary judgment to St. Paul. The policy, by virtue of N.C. Gen. Stat. §§ 20-281 and 279.21, has statutory minimums written into the policy to provide coverage for claims against Briggs. St. Paul's umbrella policy does not provide excess liability coverage. Harleysville is entitled to summary judgment to the extent of St. Paul's pro rata share of the statutory coverage.

Affirmed in part, reversed and remanded in part.

Judges McCULLOUGH and CALABRIA concur.