Amanda L. BALL, Plaintiff–Appellant,

v.

WILSHIRE INSURANCE COMPANY,
a North Carolina company,
Defendant–Appellee.

No. 06–7095.

United States Court of Appeals,
Tenth Circuit.

Aug. 10, 2007.

Rick W. Bisher, Ryan Bisher Ryan, Oklahoma City, OK, Nathan E. Bernard, Ryan Bisher Ryan Tulsa, OK, for Plaintiff–Appellant.

James W. Dobbs, Smith, Rhodes, Stewart & Elder, Oklahoma City, OK, for Defendant–Appellee.

Before HARTZ, EBEL, and TYMKOVICH, Circuit Judges.

## CERTIFICATION OF QUESTION OF STATE LAW

HARRIS L. HARTZ, Circuit Judge.

The United States Court of Appeals for the Tenth Circuit submits this request to the Supreme Court of Oklahoma to exercise its discretion to accept the following certified questions of Oklahoma law in accordance with 10th Cir. R. 27.1 and Okla. Stat. tit. 20, § 1602. The answer to these questions should be determinative of this case now pending in this court, and it appears that there is no controlling precedent in the Supreme Court of Oklahoma.

### The Questions

1. Is a motor-vehicle-insurance-policy provision that excludes liability coverage for "Vehicles Loaned, Leased or Rented to others, including those dealerships and repair shops who provide [1] while customer's auto is being repaired" void, in whole or in part, in light of Oklahoma's Compulsory Liability Insurance statute, Okla. Stat., tit. 47 §§ 7–600 to 7–612 (the Compulsory Insurance Law)?

2. If the answer to the first certified question is "yes," does the exclusion nevertheless relieve an insurance company of its contractual duty to defend an insured?

3. If the answer to the second certified question is "no," does an insurance company act in bad faith in relying on the exclusion to deny a defense to an insured?

4. If the answer to the first certified question is "yes," does the exclusion nevertheless apply to exclude uninsured/underinsured motorist coverage that was accepted by the named insured?

5. If the answer to the fourth certified question is "no," does an insurance company act in bad faith in relying on the exclusion to deny or delay payment of uninsured/underinsured motorist benefits?

The Supreme Court of Oklahoma may reformulate the questions.

### Factual and Procedural Background

The facts are uncontroverted. On June 2, 2003, plaintiff-appellant Amanda Ball was driving a pickup truck loaned to her by John Drummond d/b/a Henryetta Autosales (Henryetta) while Henryetta repaired her car. Her roommate was a passenger in the truck. A car driven by Carrie Mitchell, containing three children as passengers, turned left in front of the truck. The resulting accident caused numerous serious injuries, including the death of one of the children. Both Ms. Mitchell and Ms. Ball were cited for traffic infractions.

---

1. The policy appears to omit a word between "provide" and "while," but neither party's argument turns on the omission.

The guardian ad litem of two of the children and the personal representative of the other child sued Ms. Ball for negligence in separate suits in Oklahoma state court. Ms. Ball contacted Henryetta's insurer, defendant-appellee Wilshire Insurance Company, and requested that Wilshire defend her in the state-court litigation. Ms. Ball also made a claim under the uninsured/underinsured motorist (UM) provisions of Henryetta's policy for the injuries she suffered in the accident. Wilshire refused to defend Ms. Ball or to pay her UM benefits. The state court entered a consolidated default judgment exceeding $20,000,000 against Ms. Ball.

Ms. Ball then sued Wilshire in federal district court, alleging that Wilshire's refusal to defend her in the state lawsuit and to pay UM benefits breached the terms of Henryetta's policy and constituted bad faith. During the pendency of the federal lawsuit, Wilshire paid Ms. Ball and her roommate the limits of the policy's UM coverage, so Ms. Ball amended her theory of bad-faith liability to address Wilshire's delay in paying the benefits. The district court granted summary judgment to Wilshire. The court noted that the policy contained a provision excluding coverage for "Vehicles Loaned, Leased or Rented to others, including those dealerships and repair shops who provide while customer's auto is being repaired." Aplt.App. at 54. It ruled, however, that the exclusion would be void to the extent that it conflicted with the minimum insurance coverage required by the Compulsory Insurance Law. It held that Wilshire had no duty to defend Ms. Ball and did not act in bad faith when it declined to do so. It also held that Wilshire's failure to pay UM benefits to Ms. Ball earlier did not constitute bad faith because Oklahoma law on the issue is not settled.

*Arguments of the Parties*

Ms. Ball acknowledges the "loaned vehicle" exclusion in the policy, but contends that it is entirely void and without effect because it conflicts with the Compulsory Insurance Law. Thus, she argues, she is an "insured" under the policy's definition; Wilshire owed her, as an "insured," the duty to defend and the duty to pay UM benefits timely; and because Wilshire owed her such duties, its refusal to defend her and its delay in paying UM benefits constituted bad faith.

Wilshire responds that even if the Compulsory Insurance Law voids the "loaned vehicle" exclusion to the extent of the statutory minimum of liability coverage, it does not void the exclusion in its entirety. Accordingly, it argues, even if Ms. Ball is an "insured" under the policy's definition, the exclusion negates any duty it would otherwise have to defend Ms. Ball. It contends that the Compulsory Insurance Law does not require insurers to defend its insureds, and therefore such a benefit appropriately is considered excess or additional coverage not subject to the statutory mandate. It further contends that the Compulsory Insurance Law does not require payment of uninsured motorist benefits that the policy otherwise clearly excludes. In addition, Wilshire argues that because it was not required to defend or pay UM benefits and because Oklahoma law in this area is not yet settled, its failures to defend and to pay UM benefits earlier did not constitute bad faith.

*Reasons for Certification*

There are several reasons for certification. The questions presented are state-law issues, apparently of first impression in Oklahoma. There are no material disputed fact issues so all that is presented are pure questions of state law. Resolution of the questions should be dispositive

of this case, and the answers to these questions concerning Oklahoma's law would assist the federal courts in resolving cases presenting claims similar to those presented in this appeal. The courts of other states have split on whether an invalid exclusion negates an insurance company's duty to defend, with two state courts finding no duty to defend, *see Harleysville Mut. Ins. Co. v. Zurich Am. Ins. Co.*, 157 N.C.App. 317, 578 S.E.2d 701, 705 (2003); *State Farm Mut. Auto. Ins. Co. v. Ballmer*, 899 S.W.2d 523, 526–27 (Mo.1995) (en banc); *see also Transamerica Ins. Group v. State Farm Mut. Auto. Ins. Co.*, 492 F.Supp. 283, 288 (D.Nev.1980) (construing Nevada law), and six state courts finding a duty to defend, *see State Farm Mut. Auto. Ins. Co. v. Smith*, 197 Ill.2d 369, 259 Ill.Dec. 18, 757 N.E.2d 881, 884 (2001); *Pac. Int'l Servs. Corp. v. Hurip*, 76 Hawai'i 209, 873 P.2d 88, 98 (1994); *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.*, 513 A.2d 283, 286 (Me.1986); *Merchants Mut. Ins. Co. v. Bean*, 119 N.H. 561, 406 A.2d 457, 459 (N.H.1979); *Motor Vehicle Accident Indemnification Corp. v. Cont'l Nat'l Am. Group Co.*, 35 N.Y.2d 260, 360 N.Y.S.2d 859, 319 N.E.2d 182, 185 (1974); *Hartford Accident & Indem. Co. v. Kaiser*, 242 Or. 123, 407 P.2d 899, 901 (1965) (en banc). Finally, we recognize the importance of allowing state courts to decide questions of state law and policy, and thus define state law.

We therefore certify these questions to the Supreme Court of Oklahoma. We greatly appreciate the consideration of this request. The clerk of this court shall submit to the Supreme Court of Oklahoma a certified copy of this order, together with copies of the briefs filed in this court and a copy of the judgment of the district court.

* Pursuant to Fed. R.App. P. 43(c)(2), Michael J. Astrue is substituted for Linda S. McMahon

The clerk of this court shall also transmit a copy of this certification order to counsel for all parties to the proceedings in this court and to the Clerk of the United States District Court for the Eastern District of Oklahoma, attention case No. 05–CIV–491–RAW.

*Conclusion*

This appeal is ordered ABATED pending resolution of the questions certified herein.